No. 122,680

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT GLENN TERRELL,
*Appellant*.

SYLLABUS BY THE COURT

1.

Appellate courts exercise unlimited review on whether a sentence is illegal within the meaning of K.S.A. 22-3504 because it is a question of law.

2.

An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words.

3.

Courts must construe statutes to avoid unreasonable or absurd results and presume the Legislature does not intend to enact meaningless legislation.

4.

Appellate courts presume the Legislature acted with full knowledge of existing law and statutory subject matter, including judicial opinions interpreting Kansas statutes.

1

5.

The reasonable and sensible application of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq., is for post-KSGA Kansas convictions to be classified based on the classification in effect at the time of the prior conviction.

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed April 9, 2021. Sentence vacated and case remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant, and *Robert Glenn Terrell*, appellant pro se.

*Ian T. Otte*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and MCANANY, S.J.

SCHROEDER, J.: The sentencing scheme in Kansas is controlled by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq. Robert Glenn Terrell appeals the district court's denial of his motion to correct an illegal sentence, claiming the district court erred by reclassifying his 2004 conviction for failure to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq.—defined in 2004 as a nonperson felony under the KSGA—from a nonperson felony to a person felony. After careful review of the record and the KSGA, we find the district court erred in reclassifying Terrell's 2004 KORA violation conviction from a nonperson felony to a person felony for purposes of determining his criminal history. Therefore, we vacate the sentence and remand with directions.

FACTS

In November 2018, Terrell pled guilty to one count of aggravated escape from custody. Prior to sentencing, Terrell filed a motion for downward durational departure. At

2

sentencing, the district court reclassified his 2004 KORA violation conviction from a nonperson felony to a person felony based on the statutory change in 2016 which made a KORA violation a person felony if the crime requiring the offender to register was a person felony. Terrell was required to register based on a 2002 rape conviction—a person felony—so the district court scored his 2004 KORA violation conviction as a person felony. This scoring resulted in Terrell's criminal history score moving from C to B.

Terrell objected to the inclusion of his 2004 conviction for violation of KORA in his criminal history score as a person felony. Terrell did not dispute the existence of the conviction; rather, he argued it should be scored as a nonperson felony because at the time of the prior conviction it was classified as such. See K.S.A. 2004 Supp. 22-4903. The district court overruled Terrell's objection to his criminal history score but granted his motion for downward durational departure, sentencing him to 40 months' imprisonment with 24 months' postrelease supervision.

Terrell initially filed a notice of appeal but withdrew it. He then filed several motions to correct an illegal sentence, which the district court denied. In denying his motions to correct illegal sentence, the district court held Terrell's 2004 KORA violation conviction was properly scored as a person felony under *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Terrell now appeals.

ANALYSIS

*Standard of Review*

We exercise unlimited review on whether a sentence is illegal within the meaning of K.S.A. 22-3504 because it is a question of law. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Interpretation of a sentencing statute is likewise a question of law subject to unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

3

"'The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained.'" *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016).

> "'An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history or other background considerations to construe the legislature's intent.' [Citations omitted." *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

"[W]hen construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia, with a view toward reconciling and bringing the provisions into workable harmony if possible. [Citation omitted.]" *Keel*, 302 Kan. at 573-74.

Courts must construe statutes "to avoid absurd or unreasonable results." *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014). We presume the Legislature acted with full knowledge of existing law and statutory subject matter, including judicial opinions interpreting Kansas statutes. *State v. Kershaw*, 302 Kan. 772, 782, 359 P.3d 52 (2015); see *State v. Quested*, 302 Kan. 262, 279, 352 P.3d 553 (2015) (acquiescence to appellate decisions may indicate legislative intent). We further presume the Legislature does not intend to enact meaningless legislation; therefore, by amending statutory language, the Legislature intends to alter or amend existing law. See *State v. Snellings*, 294 Kan. 149, 157, 273 P.3d 739 (2012).

As a general rule, criminal statutes are strictly construed in favor of the accused. That rule is constrained, however, by the rule that interpretation of a statute must be

reasonable and sensible to effect the legislative design and intent of the law. See *Barlow*, 303 Kan. at 813. The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. *State v. Williams*, 303 Kan. 750, 760-61, 368 P.3d 1065 (2016).

*Discussion*

Terrell argues the district court erred in scoring his 2004 KORA violation conviction as a person felony. At the time of Terrell's 2004 KORA violation, K.S.A. 2004 Supp. 22-4903 provided:  "Any person who is required to register as provided in this act who violates any of the provisions of this act . . . is guilty of a severity level 10, nonperson felony." The statute was amended in 2016 to read that a KORA violation "shall be designated as a person or nonperson crime in accordance with the designation assigned to the underlying crime for which the offender is required to be registered under the Kansas offender registration act." K.S.A. 2016 Supp. 22- 4903(c)(1). Because Terrell was required to register under KORA based on a prior rape conviction—a person felony under K.S.A. 21-3502(c)—the district court scored his 2004 KORA violation conviction as a person felony.

The State asserts, without discussion or elaboration, the district court properly scored Terrell's KORA violation conviction as a person felony based on the reasoning in *Keel*; *State v. Lyon*, 58 Kan. App. 2d 474, 471 P.3d 716, *rev. denied* 312 Kan. ___ (November 24, 2020); and *State v. Patrick*, No. 116,660, 2018 WL 4373053 (Kan. App. 2018) (unpublished opinion), *rev. denied* 309 Kan. 1352 (2019). The State's reliance on these cases is misplaced.

In *Keel*, the issue was how to classify pre-KSGA Kansas felony convictions not designated as either person or nonperson crimes when calculating a criminal history score for sentencing of post-KSGA crimes. 302 Kan. at 571. In its discussion, the *Keel* court noted many pre-KSGA criminal offenses continued to exist under the same statutes after

5

the enactment of the KSGA, the pertinent distinction being the post-KSGA classification of those offenses as person or nonperson crimes. 302 Kan. at 579-80. *Keel* concluded, based on the language in K.S.A. 21-4710(d)(9)—now K.S.A. 2020 Supp. 21-6810(d)(8): "The clear implication is that if the statute has not been repealed, then the crime is scored using the classification in the statute at the time of the current crime of conviction." 302 Kan. at 580.

In *Patrick*, the issue was whether Patrick's 1999 conviction for driving as a habitual violator—then a nonperson felony—should have been scored as a nonperson misdemeanor based on the offense having changed to a nonperson misdemeanor under the 2015 version of the statute. See K.S.A. 2015 Supp. 8-287. On appeal, the State agreed it should have been classified as a nonperson misdemeanor. The *Patrick* panel agreed, relying on *Keel*'s discussion of the language in K.S.A. 21-4710(d)(9). 2018 WL 4373053, at *11.

*Patrick* is easily distinguishable insofar as there was no issue over the classification of the prior post-KSGA offense as person or nonperson; it was a nonperson offense in both 1999 and 2015. The only distinction was whether the offense was a felony or misdemeanor. 2018 WL 4373053, at *11. Patrick did not raise the issue in his petition for review, and our Supreme Court denied his petition, which raised other issues.

In *Lyon*, the issue was whether Lyon's 2010 aggravated burglary conviction should still be scored as a person felony because the elements of the 2010 conviction were broader than the language of the 2017 version of the statute. Compare K.S.A. 2010 Supp. 21-3716 to K.S.A. 2017 Supp. 21-5807. Essentially, Lyon was trying to use the language of K.S.A. 2017 Supp. 21-6810(d)(8) as a means of applying the identical-to-or-narrower-than elements-based comparison in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), to post-KSGA in-state felony convictions. The *Lyon* panel accepted the reasoning of the *Patrick* panel, but *Lyon*'s discussion of *Patrick* was largely tangential as the panel

6

soundly concluded Lyon was not entitled to relief because his prior aggravated burglary offense was a person felony both at the time of the prior conviction and the date of the current crime of conviction. 58 Kan. App. 2d at 492-93. *Lyon* is distinguishable because aggravated burglary was always a person felony as applied to Lyon; thus, no comparison was warranted.

Although Lyon raised the issue in his petition for review, he framed it as a question of first impression—whether *Wetrich*'s identical-to-or-narrower-than approach applied to the scoring of in-state post-KSGA felony convictions. Our Supreme Court denied review. We discern no guidance from our Supreme Court's denial of review in *Patrick* and *Lyon.*

Terrell asserts the principle of statutory construction known as *expressio unius est exclusio alterius*, i.e., the inclusion of one thing implies the exclusion of another, reflects a legislative intent to exclude post-KSGA in-state convictions from a comparability analysis. See *City of Dodge City v. Webb*, 305 Kan. 351, 361, 381 P.3d 464 (2016) (Johnson, J., dissenting). Terrell's argument is persuasive. He correctly points out the Legislature has provided four distinct times where the KSGA specifically directs a sentencing court to compare the prior conviction to the comparable in-state offense as of the date of the current crime of conviction in order to classify it as a person or nonperson offense:

- pre-KSGA Kansas adult felony convictions under K.S.A. 2020 Supp. 21-6810(d)(2);
- pre-KSGA juvenile felony adjudications under K.S.A. 2020 Supp. 21-6810(d)(3)(B);
- pre-KSGA Kansas adult misdemeanor convictions under K.S.A. 2020 Supp. 21-6810(d)(6); and

7

- prior out-of-state convictions and juvenile adjudications under K.S.A. 2020 Supp. 21-6811(e)(3).

However, none of those directives apply here. We do not have to do a comparative analysis on Terrell's crime since it is the same—a KORA violation—with the only change being the reclassification in 2016 from a nonperson felony to a person felony if the underlying conviction requiring registration was a person felony.

Here, we are tasked with answering how to score a post-KSGA conviction from 2004—which was designated as a nonperson felony but which the Legislature changed in 2016 to a person felony if the underlying crime requiring the person to register was a person felony—for a current crime of conviction. In other words, do we apply the classification at the time of the prior conviction or the classification as of the date of the current crime of conviction? The KSGA is silent as to how a sentencing court should classify a post-KSGA in-state conviction or adjudication if the person/nonperson designation was modified after July 1, 1993.

Under K.S.A. 2020 Supp. 21-6810(d)(8): "Prior convictions of a crime defined by a statute *that has since been repealed* shall be scored using the classification assigned at the time of such conviction." (Emphasis added.) We observe no reason why this same directive should not be used for a change in a crime's designation from nonperson to person after the crime was committed. We recognize the instruction from *Keel* is analogous but not controlling because *Keel* addressed the scoring of pre-KSGA convictions, not changes in how a post-KSGA conviction should be scored if the person/nonperson designation for scoring purposes is modified from a nonperson to a person designation after the prior conviction. We believe *Keel*'s conclusion is dicta as it applies to scoring post-KSGA convictions and should not be applied to the facts of this case.

8

However, unlike unclassified offenses, convictions under subsequently repealed statutes are not automatically classified as nonperson offenses, nor are they excluded from the offender's criminal history. "Unless otherwise provided by law, unclassified felonies and misdemeanors shall be considered and scored as nonperson crimes for the purpose of determining criminal history." K.S.A. 2020 Supp. 21-6810(d)(7). "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 2020 Supp. 21-6810(d)(9). Looking at K.S.A. 2020 Supp. 21-6810(d)(7)-(9) as a whole, subsection (d)(8) cannot be logically construed as implicitly providing for prospective *reclassification* of post-KSGA convictions under still-existing statutes. Rather, it simply precludes blanket classification or exclusion of convictions under subsequently repealed statutes.

Our concern with the analysis in *Patrick* and its adoption in *Lyon* is that it effectively takes in isolation *Keel*'s discussion of a single statutory provision within a much broader in pari materia analysis. But a court should not view statutory provisions in isolation. See *Keel*, 302 Kan. at 573-74. And *Keel*'s analysis of the complex interplay between the prior statutory provisions no longer appears necessary in light of subsequent legislative amendments.

The explicit statutory directions in K.S.A. 2020 Supp. 21-6810(d)(2), (d)(3)(B), and (d)(6), and K.S.A. 2020 Supp. 21-6811(e)(3) refer only to *pre-KSGA* in-state and out-of-state convictions or adjudications. The common thread of such convictions is they did not occur under the KSGA and, as such, had no Kansas person or nonperson classification. However, the post-KSGA Kansas Criminal Code generally classifies criminal offenses as person or nonperson. See K.S.A. 2020 Supp. 21-5101 et seq. While there is an obvious need to compare out-of-state convictions and pre-KSGA in-state convictions to current Kansas statutes for classification purposes, there is no such need for post-KSGA in-state convictions; the Kansas Criminal Code generally provides the

9

classification at the time of the crime and related conviction. It seems tenuous at best to believe the Legislature, having provided clear, *explicit* guidance for pre-KSGA offenses under K.S.A. 2020 Supp. 21-6810(d)(2), (d)(3)(B), and (d)(6), and K.S.A. 2020 Supp. 21-6811(e)(3), would only *implicitly* provide for classification of post-KSGA offenses under K.S.A. 2020 Supp. 21-6810(d)(8).

But, if there is any reasonable doubt as to the meaning of K.S.A. 2020 Supp. 21-6810(d)(8), it must be strictly construed in Terrell's favor. The rule of lenity, however, is subordinate to reasonably and sensibly interpreting statutes consistent with the Legislature's apparent intent and purpose. See *Barlow*, 303 Kan. at 813; *Williams*, 303 Kan. at 760. When read as a whole, K.S.A. 2020 Supp. 21-6810(d)(2), (d)(3)(B), (d)(6), (d)(7)-(9), and K.S.A. 2020 Supp. 21-6811(e)(3) reflect a legislative intent to classify pre-KSGA in-state and out-of-state convictions and adjudications by comparing the elements of the prior offense with the comparable Kansas offense as of the date of the current crime of conviction. The reasonable and sensible application of the KSGA is for post-KSGA Kansas convictions to be classified based on the classification in effect at the time of the prior crime of conviction.

A reasonable interpretation of K.S.A. 2020 Supp. 21-6810(d)(8) reflects a legislative intent to classify in-state convictions under subsequently repealed statutes as person or nonperson offenses based on the classification in effect at the time of the prior conviction. But we find nothing in the KSGA reflecting a legislative intent to *reclassify* prior post-KSGA convictions based on subsequent amendments to existing statutes. Compare K.S.A. 2020 Supp. 21-6810(d)(8) with K.S.A. 2020 Supp. 21-6810(d)(2), (d)(3)(B), (d)(6), and K.S.A. 2020 Supp. 21-6811(e)(3).

In 2004, when Terrell was convicted of a KORA violation, the intent of the Legislature was for that violation to be classified as a nonperson felony. The district court erred and imposed an illegal sentence when it reclassified Terrell's 2004 KORA violation

conviction from a nonperson felony to a person felony for purposes of determining his criminal history score at sentencing in 2018. We therefore vacate Terrell's sentence and remand to the district court for resentencing.

Sentence vacated and case remanded with directions.