IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,680

STATE OF KANSAS,
*Appellee*,

v.

ROBERT GLENN TERRELL,
*Appellant*.


SYLLABUS BY THE COURT


1.

The classification of prior offenses for criminal history purposes involves statutory interpretation, which presents a question of law subject to unlimited appellate review.


2.

Under the Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., all prior convictions, whether out-of-state, pre-guidelines, or amended post-guidelines, are to be classified as person or nonperson as of the time the new crime is committed.


Review of the judgment of the Court of Appeals in 60 Kan. App. 2d 39, 488 P.3d 520 (2021). Appeal from Cowley District Court; NICHOLAS ST. PETER, judge. Opinion filed February 18, 2022. Judgment of the Court of Appeals vacating the judgment of the district court is reversed. Judgment of the district court is affirmed.

*Kristen B. Patty,* of Wichita, argued the cause and was on the briefs for appellant, and *Robert G. Terrell*, appellant pro se, was on a supplemental brief.

*Natalie Chalmers*, assistant solicitor general, argued the cause, and *Ian T. Otte,* deputy county attorney, and *Derek L. Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Robert Glenn Terrell disputes how his criminal history was calculated for sentencing purposes following his plea of guilty to aggravated escape from custody. The Court of Appeals vacated the sentence, and this court granted review.

*Factual Background*

On November 19, 2018, Terrell entered a plea of guilty to one count of aggravated escape from custody under K.S.A. 2020 Supp. 21-5911(b)(1)(G), a severity level 5 nonperson felony. Terrell's presentence investigation report included an offender registration violation conviction from February 25, 2005, for a crime committed in 2004; the report counted it as a level 10 person felony. Although the registration violation was classified as a nonperson felony at the time of Terrell's guilty plea in 2005, the presentence report reclassified it as a person felony under *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015).

At his sentencing hearing, Terrell, who was representing himself but had standby counsel, objected to the presentence investigation report's reclassification of the 2005 conviction from nonperson to person felony status. He argued that *Keel* controlled the issue in his favor. The court rejected his argument, stating from the bench:

"Regarding the issue of whether or not his prior conviction for offender registration should be scored as a person or nonperson felony, the court would find that at

2

the time that Mr. Terrell was convicted, this crime was scored as a nonperson felony, as is indicated in the PSI. *State v. Keel* provided that an offense should be scored as a felony, based upon how it would be determined at the time of the current crime of conviction was committed. In this particular instance, the violation of the Offender Registration Act would be viewed as a person felony as of the day that Mr. Terrell left the Department of Corrections without authorization. And, therefore, the Court would follow the *Keel* case in this matter and find that it should be scored as a person felony at this time."

The court then imposed a sentence that was a substantial downward durational departure: instead of the standard guidelines sentence of 120 months, the court sentenced Terrell to a prison term of 40 months, with 24 months' postrelease supervision.

Terrell's standby counsel filed a timely notice of appeal to the Court of Appeals. On February 5, 2019, Terrell filed a motion pro se to withdraw his notice of appeal. On the same day, he filed a motion to correct an illegal sentence, asserting, among other claims, that the sentencing court illegally reclassified his 2005 conviction and sentence from nonperson to person. After the trial court denied this motion, Terrell filed further motions seeking reconsideration and additional requests to correct an illegal sentence. He eventually took an appeal from an order denying one of his repeated motions to correct.

In a published opinion, the Court of Appeals vacated the reclassification of Terrell's criminal history. *State v. Terrell*, 60 Kan. App. 2d 39, 488 P.3d 520 (2021). This court granted the State's petition for review. On September 17, 2021, Terrell was released on post-release supervision, but the appeal remains subject to review by this court.

3

*Classification of the 2005 Conviction*

The classification of prior offenses for criminal history purposes involves statutory interpretation, which presents a question of law subject to unlimited appellate review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Terrell argues that his 2005 conviction for a crime he committed in 2004 should be scored as a nonperson felony, which is how it was designated at the time he committed that crime. The State argues that the 2005 conviction should be scored as a person felony because that is how that crime is now designated. The Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., does not explicitly inform the courts whether the score at the time of the original sentence or the score at the time of the new sentence should govern.

The district court, the Court of Appeals, and the parties disagree about whether and how to apply this court's decision in *State v. Keel*, 302 Kan. 560, to Terrell's situation.

The failure-to-register statute originally designated the crime as a nonperson felony, but the statute was later amended to make the crime a person felony. K.S.A. 2004 Supp. 22-4903 provided: "Any person who is required to register as provided in this act who violates any of the provisions of this act . . . is guilty of a severity level 10, nonperson felony." The statute was amended in 2016 to read that a registration violation "shall be designated as a person or nonperson crime in accordance with the designation assigned to the underlying crime for which the offender is required to be registered under the Kansas offender registration act." K.S.A. 2016 Supp. 22-4903(c)(1). Because the

4

underlying crime was rape—a person felony—Terrell's failure to register would also become a person felony.

A timeline may help clarify the issue:

2002: Terrell pleads guilty and is convicted of rape.

2004: Terrell commits an offender registration violation related to the rape conviction.

2005: Terrell pleads guilty and is convicted of the offender registration violation. The violation was designated a nonperson felony.

2015: The Kansas Supreme Court issues *State v. Keel* addressing how to score pre-sentencing guidelines convictions.

2016: The offender registration statute is amended to designate a registration violation involving rape as a person felony.

2018: Terrell is charged with and pleads guilty to aggravated escape from custody.

2019: Terrell is sentenced based on a determination that his 2004 violation is now scored as a person felony.

2021: The Court of Appeals determines that the district court improperly transformed the offender registration conviction from a nonperson into a person felony.

In *Keel*, this court addressed the problem of how to score convictions that preceded the sentencing guidelines act and therefore lacked person or nonperson designations. The resolution reached in *Keel* was to carry the undesignated pre-KSGA conviction forward in time to when the current crime of conviction was committed and apply the statutory designation in place at that time: "Thus, the classification of a prior

5

conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 590. This plain language supports the district court's decision to consider the 2004 violation to be a person felony.

Although the district court understood *Keel* to reclassify a prior conviction according to whatever its classification was at the time of the commission of the new crime, the Court of Appeals held that *Keel* described a different set of circumstances and did not apply to Terrell's situation. In a broad sense, the Court of Appeals panel was quite correct in distinguishing *Keel*; *Keel* addressed the kind of problem with which this court has wrestled over the past two decades—how sentencing courts are to classify crimes that were committed without an explicit person/nonperson designation, such as crimes committed in other states or crimes committed before 1993.

In *Keel*, the issue was how to classify crimes committed before the sentencing guidelines were enacted in 1993 in the absence of express statutory direction. *Keel* was decided to address a specific problem—pre-guidelines felonies that did not fit the new sentencing procedures. See *Keel*, 302 Kan. at 592 (Johnson, J., concurring in part and dissenting in part) (opinion "eliminates the troublesome circumstance of Kansas having no person felonies prior to the enactment of the Kansas Sentencing Guidelines Act").

But the issue in the present case is different. A common-law remedy for a missing classification is not needed here. The *Keel* court explained the special circumstances of that decision, circumstances that do not apply to Terrell's situation:

6

"We start out by acknowledging that there is no explicit language in the KSGA telling courts precisely how to classify in-state or out-of-state pre-KSGA convictions or juvenile adjudications as person or nonperson offenses for criminal history purposes. This means we cannot merely interpret text whose meaning and effect are plain." *Keel*, 302 Kan. at 572.

The Court of Appeals panel relied on several principles to conclude that Terrell's 2004 conviction should not be reclassified as a person felony:

- The doctrine of *expressio unius est exclusio alterius*—when something is expressly included in one place, the failure to include it elsewhere implies that the thing is not intended to be included elsewhere. The court looked to four statutory provisions that expressly make the classification of a prior conviction count as of "the date the current crime of conviction was committed." These are: pre-KSGA Kansas adult felony convictions under K.S.A. 2020 Supp. 21-6810(d)(2); pre-KSGA juvenile felony adjudications under K.S.A. 2020 Supp. 21-6810(d)(3)(B); pre-KSGA Kansas adult misdemeanor convictions under K.S.A. 2020 Supp. 21-6810(d)(6); and prior out-of-state convictions and juvenile adjudications under K.S.A. 2020 Supp. 21-6811(e)(3). Those specific statutory directives are lacking in the current case, implying that the Legislature did not intend to require or allow reclassification of post-KSGA convictions. *Terrell*, 60 Kan. App. 2d at 44-45.

- K.S.A. 2020 Supp. 21-6810(d)(8). This statute addresses convictions for crimes under statutes that have been repealed: "Prior convictions of a crime defined by a statute that has since been repealed shall be scored using the classification assigned at the time of such conviction." The Court of Appeals concluded that the

same directive should apply to post-KSGA statutes that are subsequently amended to change the person category designation. 60 Kan. App. 2d at 46.

- The rule of lenity. When a criminal statute is silent or ambiguous on a matter, the rule of lenity applies to mandate that the statute be construed in favor of the accused. *State v. Reese*, 300 Kan. 650, 653, 333 P.3d 149 (2014). Any uncertainty about what the Legislature intended by its directives for classifying pre-KSGA convictions, repealed post-KSGA convictions, and amended post-KSGA convictions should operate in a defendant's favor. 60 Kan. App. 2d at 46.

The court concluded:

"A reasonable interpretation of K.S.A. 2020 Supp. 21-6810(d)(8) reflects a legislative intent to classify in-state convictions under subsequently repealed statutes as person or nonperson offenses based on the classification in effect at the time of the prior conviction. But we find nothing in the KSGA reflecting a legislative intent to *reclassify* prior post-KSGA convictions based on subsequent amendments to existing statutes." 60 Kan. App. 2d at 47.

Although we recognize that the Court of Appeals supported its decision with well-reasoned analysis, we are ultimately persuaded that the State's position is more tenable. We will discuss each of the Court of Appeals points in turn.

The doctrine of *expressio unius est exclusio alterius*: The statutory scheme was silent with respect to scoring pre-guidelines convictions when this court decided *Keel* and *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by Keel*, 302 Kan. at 581. The *Keel* court did not decide that the guidelines act simply did not apply to pre-guidelines sentences under the doctrine of *expressio unius est exclusio alterius*; instead,

8

the court extended the statutory scheme, filling in the missing directives on how to score pre-guidelines crimes. This common-law extension was codified in the statutes on which the Court of Appeals based its *expressio unius* analysis.

Legislative intentions:  The sentencing guidelines were enacted "'to standardize sentences so that similarly situated offenders would be treated the same, thus limiting the effects of racial and geographic bias.'" *Keel*, 302 Kan. at 574 (quoting *State v. Paul*, 285 Kan. 658, 667, 175 P.3d 840 [2008]). "[U]sing the date of the current crime removes the permanent effect of how prior crimes are treated for purposes of calculating criminal history, thereby providing a mechanism for sentences to reflect ever-evolving sentencing philosophies and correction goals." 302 Kan. at 588. Updating the criminal history scores as the Legislature chooses to amend them is consistent with a legislative intention to score crimes in an evolving scheme, and it "removes the permanent effect of how prior crimes are treated," consistent with the philosophy of *Keel* and of revised legislative intentions. See 302 Kan. at 588.

Inconsistent results:  The Court of Appeals decision produces inconsistent or illogical results. A defendant convicted of a comparable out-of-state crime that Kansas has changed from a nonperson to a person crime will be scored as a person crime. Another defendant convicted of an in-state crime that is subsequently changed from a nonperson to a person crime will be scored as a nonperson crime. The result is that an individual committing essentially the same criminal conduct may receive different criminal history scores, depending on whether the crime was committed in Kansas or in a different state.

K.S.A. 2020 Supp. 21-6810(d)(8):  Repeal is not the same as reclassification. The wholesale repeal and recodification of much of the criminal code in 2011 would have the

effect of freezing many older convictions in their pre-guideline status, no matter how they were classified under guidelines statutes.

The rule of lenity. Although this rule would operate to protect Terrell, it could operate against a defendant whose crime has been reclassified from person to nonperson, such as identity theft. See *Keel*, 302 Kan. at 588. Registration offenses have been classified as nonperson in all situations (K.S.A. 2004 Supp. 22-4903), then as person in all situations (K.S.A. 2006 Supp. 22-4903), and now as person or nonperson, depending on the underlying offense (K.S.A. 2020 Supp. 22-4903[c]). The Court of Appeals opinion would help some defendants and harm other defendants; therefore, it is not a rule of lenity.

While recognizing that *Keel* is simply dicta with respect to post-guidelines crimes, it nevertheless provides guidance for how to calculate criminal histories when the post-guideline classifications have changed over time. *Keel* noted that an advantage of scoring based on the date the *current* crime of conviction was committed provides a means to reflect "ever-evolving sentencing philosophies and correction goals." 302 Kan. at 588.

To adopt Terrell's position would mean applying a judicial construction to a narrow topic on which the Legislature was silent, and that construction would be at odds with the reasoning in *Keel*. We conclude that the better understanding of the statutory sentencing scheme requires that all prior convictions, whether out-of-state, pre-guidelines, or amended post-guidelines, be classified as person or nonperson as of the time the new infraction is committed.

The judgment of the Court of Appeals vacating the judgment of the district court is reversed. The sentence imposed by the district court is affirmed.