NOT DESIGNATED FOR PUBLICATION

No. 123,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTOPHER LEVI MARTIN CHAPPELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed April 15, 2022. Sentence vacated and case remanded for resentencing.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.


PER CURIAM:  Kristopher Levi Martin Chappell appeals his sentence after he pled no contest to one count of aggravated assault on a law enforcement officer with a deadly weapon and one count of felony fleeing and eluding. On appeal, Chappell contends that his sentence was illegal based on an erroneous criminal history score resulting from the classification of his two prior convictions in Colorado for assault in the third degree as person misdemeanors. Because we are duty bound to follow the precedent of the Kansas Supreme Court on this issue, we vacate Chappell's sentence and remand to the district court for resentencing.

1

FACTS

The underlying facts regarding Chappell's current crimes of conviction are not material to the limited issue raised in his appeal. Under the terms of a plea agreement, Chappell pled no contest to aggravated assault on a law enforcement officer with a deadly weapon and fleeing and eluding. A presentence investigation (PSI) report listed numerous prior convictions. These prior convictions included two Colorado misdemeanor offenses for assault in the third degree. Prior to sentencing, Chappell objected to the PSI and argued that it improperly listed his Colorado misdemeanor convictions for assault in the third degree as person offenses because there is no comparable crime in Kansas.

At his sentencing hearing, Chappell argued that his two Colorado misdemeanor convictions for assault in the third degree should be classified as nonperson offenses. Specifically, he argued that the Colorado offense of assault in the third degree is broader than the comparable offense in Kansas in effect at the time he committed his current crime of conviction. Although the district court sustained Chappell's objection regarding the classification of two of his other prior convictions, it rejected his argument that the Colorado misdemeanor convictions had been improperly classified.

After considering the arguments presented, the district court determined that Chappell's two Colorado misdemeanor convictions should be aggregated with another prior person misdemeanor conviction identified in the PSI and treated as a person felony. As a result, Chappell's criminal history score included two person felonies. Ultimately, the district court determined that Chappell's criminal history score was B, and it imposed a controlling sentence of 39 months in prison.

Thereafter, Chappell filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred by classifying Chappell's two prior Colorado convictions for assault in the third degree under Colo. Rev. Stat. § 18-3-204 as person misdemeanors. K.S.A. 2019 Supp. 21-6811(e)(2) provides that "[a]n out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction." Since Colorado classifies "assault in the third degree" as a misdemeanor offense, the question before us is whether the prior Colorado convictions should be classified as person offenses or nonperson offenses. See Colo. Rev. Stat. § 18-3-204(3).

Whether a criminal sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which our review is unlimited. See *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019). If there has been a misclassification of a prior conviction in a defendant's criminal history, the resulting sentence is illegal and can be corrected at any time pursuant to K.S.A. 2020 Supp. 22-3504(a). See *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). The classification of prior convictions involves statutory interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., which presents a question of law over which we have unlimited review. *State v. Terrell*, 315 Kan. 68, Syl. ¶ 1, 504 P.3d 405 (2022).

Whenever possible, we are to discern the meaning of a statute based on its plain language. *State v. Pattillo*, 311 Kan. 995, 1004, 469 P.3d 1250 (2020). However, we are also to consider the relevant definitions of the statutory elements of the prior crime when comparing it to a Kansas offense in effect at the time the current crime was committed. See *State v. Gensler*, 308 Kan. 674, 682, 423 P.3d 488 (2018). Prior convictions include those from Kansas as well as convictions from out-of-state jurisdictions. K.S.A. 2019 Supp. 21-6811(e), (f).

Kansas courts are to follow a two-step process to classify an out-of-state conviction for criminal history. First, the court must categorize the prior conviction as either a felony or misdemeanor offense. K.S.A. 2019 Supp. 21-6811(e)(2)(B). Here, it is undisputed that Chappell's Colorado convictions at issue on appeal were misdemeanors. See Colo. Rev. Stat. § 18-3-204(3). Second, the court must determine whether the out-of-state conviction should be classified as a person or nonperson offense under K.S.A. 2019 Supp. 21-6811(e)(3)(A).

To support a finding that Chappell had a criminal history score of B, the district court needed to find that he had at least two person felony convictions in his criminal history. K.S.A. 2019 Supp. 21-6809. A review of the record reveals that the district court adopted the findings of the PSI that indicated Chappell had two prior Colorado misdemeanor convictions for assault in the third degree and determined that they should be converted to person misdemeanor battery convictions under Kansas law. Treating the two Colorado convictions as person misdemeanors, the district court then combined them with another prior person misdemeanor conviction—which was not challenged by Chappell—to constitute a person felony. Consequently, the district court concluded that Chappell's criminal history score is B. See K.S.A. 2019 Supp. 21-6809.

A court's authority to classify an out-of-state misdemeanor conviction as a person offense or nonperson offense is controlled by K.S.A. 2019 Supp. 21-6811(e)(3)(A). Here, the parties agree that the Kansas Supreme Court's holding in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), is applicable. In *Wetrich*, our Supreme Court interpreted the term "comparable"—as used in the revised KSGA, K.S.A. 2019 Supp. 21-6801 et seq.— to mean that "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. Although the Kansas Legislature amended K.S.A. 21-

4

6811(e)(3) in 2019 to clarify when a felony offense should be classified as a person or nonperson crime, the test for misdemeanor convictions was not amended.

It is undisputed that the district court found the Colorado crime of misdemeanor assault in the third degree to be comparable to the Kansas crime of aggravated battery. On appeal, the State concedes that this was an incorrect comparison. Instead, the State suggests that the Colorado offense should be compared to the Kansas crime of battery. As such, we will examine both the Colorado and Kansas statutes.

Under Colo. Rev. Stat. § 18-3-204(1)(a):

"(1) A person commits the crime of assault in the third degree if:
    "(a) The person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon . . . ."

The Kansas battery statute, K.S.A. 2019 Supp. 21-5413(a), defines battery as:

"(1) Knowingly or recklessly causing bodily harm to another person; or
"(2) Knowingly causing physical contact with another person when done in a rude, insulting, or angry manner."

Both statutes expressly state that the criminal conduct is causing harm or injury "to another person" so it would be logical to conclude that the offenses committed in violation of these statutes would be person crimes. However, under the "legal fiction" created by *Wetrich*, the answer is not so simple. As Chappell points out, the Colorado statute provides that a defendant can be convicted for "criminal negligence" under certain circumstances while the Kansas statute speaks only to "knowingly or recklessly" committing the offense. As a result, Chappell argues that the Colorado statute is broader than the Kansas statute. See *State v. Rodriguez*, 305 Kan. 1139, Syl. ¶ 5, 390 P.3d 903

5

(2017) (holding that an out-of-state misdemeanor that requires the defendant to act only with criminal negligence is not comparable to a Kansas offense that requires the defendant to act recklessly).

Nevertheless, our analysis does not end here. Because Colorado's crime of assault in the third degree is a divisible statute, we may also look to the underlying facts to determine which elements of the Colorado crime should be compared. This process is referred to as the modified categorical approach, which does not allow the court to consider the underlying facts for the purposes of comparability but does serve as a tool to assist in comparing the elements of the crimes. See *Gensler*, 308 Kan. at 682-84. As a result, the State points to documents in the record that it claims unequivocally indicate that Chappell was convicted of "knowingly or recklessly" causing bodily injury to another person and was not convicted of "criminal negligence" relating to the use of a deadly weapon.

The documents in the record list Chappell's conviction as being under Colo. Rev. Stat. § 18-3-204(3)(a), which includes knowing and reckless conduct as well as criminally negligent conduct. However, the documents further note: "ASSAULT 3-KNOW/RECKLESS CAUSE INJURY." As such, it is certainly possible that this notation means that Chappell was convicted under the "knowingly or recklessly" portion of Colo. Rev. Stat. § 18-3-204(3)(a). However, it is also possible that this notation merely provides an abbreviated way to refer to any conviction under the statute. Based on the current state of the record, we are unfortunately unable to make this determination.

Under these circumstances, we find that a remand is appropriate to allow the district court the opportunity to determine Chappell's correct criminal history score. See *State v. Ewing*, 310 Kan. 348, 359-60, 446 P.3d 463 (2019). On remand, the district court should use the "'modified categorical approach,'" which allows the examination of "'charging documents, plea agreements, transcripts of plea colloquies, findings of fact and

6

conclusions of law from a bench trial, and jury instructions and verdict forms'" to determine which statutory alternative was the basis for Chappell's convictions for assault in the third degree. *State v. Obregon*, 309 Kan. 1267, 1274, 444 P.3d 331 (2019). Once this is done, the district court should resentence Chappell based on the correct criminal history score.

Sentence vacated and case remanded for resentencing.