NOT DESIGNATED FOR PUBLICATION

Nos. 124,520
124,521
124,522

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN MANUEL TORRES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed December 23, 2022.
Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Juan Manuel Torres appeals his sentences in two of three cases that
have been consolidated on appeal. Torres was convicted of possession of
methamphetamine in 19CR269; he was convicted of fleeing or attempting to elude a law
enforcement officer and driving under the influence (DUI) in 19CR352; and he was
convicted of two counts of failure to register under the Kansas Offender Registration Act
(KORA) in 19CR390. The district court sentenced Torres in all three cases on the same
date.

1

Torres first claims the district court erred in scoring his 2014 federal violent crimes in aid of racketeering (VICAR) conviction as a person felony in 19CR352. Next, Torres claims the district court erred in scoring the same prior federal conviction as a person felony in 19CR269. Finally, Torres claims the district court erred in scoring his two KORA convictions as person felonies in both 19CR269 and 19CR352. For the reasons we will explain in this opinion, we find the district court erred by scoring the prior federal conviction as a person felony in 19CR269, but that error is harmless because it does not change Torres' criminal history score in that case. Thus, the district court did not impose any illegal sentences, and we affirm the district court's judgment.

FACTS

Between May and June 2019, the State filed three criminal complaints against Torres:  (1) In 19CR269, the State charged him with possession of methamphetamine and possession of drug paraphernalia with an offense date of May 6, 2019; (2) in 19CR352, the State charged him with possession of methamphetamine, possession of cocaine, fleeing or attempting to elude a law enforcement officer, interference with a law enforcement officer, and DUI—all of which were alleged to have occurred on June 5, 2019; and (3) in 19CR390, the State charged Torres with four violations of the KORA, one count for each month between February and May 2019. The facts of these cases are largely irrelevant to the resolution of Torres' appeal.

After negotiating with the State, Torres entered a global plea agreement to resolve all three cases. In 19CR269, Torres agreed to plead guilty to the possession of methamphetamine charge in return for dismissing the remaining charges. In 19CR352, Torres agreed to plead guilty to felony fleeing or attempting to elude a law enforcement officer and misdemeanor DUI. Finally, in 19CR390, Torres agreed to plead guilty to two of the four felony counts of failure to register under KORA (for his failure to register in February and March 2019). The district court conducted a plea colloquy and accepted

2

Torres' plea as knowingly and voluntarily made. The district court then ordered a presentence investigation (PSI) report and scheduled a sentencing hearing.

At the sentencing hearing, the district court discussed Torres' criminal history scores for each of the three cases. In 19CR269—the possession of methamphetamine conviction—Torres did not object to his criminal history in the PSI report, which noted that he had 16 prior convictions. The district court then found that Torres' criminal history score was A based on four prior convictions scored as person felonies, including the prior federal VICAR conviction, the fleeing and eluding conviction from 19CR352, and the two KORA convictions from 19CR390. In 19CR352, the fleeing and eluding and DUI case, Torres again did not object to his criminal history. The district court noted that Torres had 15 scorable convictions, including 3 person felonies, the 2 KORA convictions from 19CR390, and the prior federal conviction, rendering his criminal history score an A. Finally, in 19CR390—the KORA violations case—Torres agreed to the PSI report and the district court's finding that his criminal history was C.

Torres asked the district court to grant a departure sentence for each case, permitting him to seek treatment for his substance abuse issues. After addressing and denying Torres' requests for departure, the district court imposed the presumptive sentence in each case—a sentence of 40 months' imprisonment for 19CR269, 15 months' imprisonment for 19CR352, and 34 months' imprisonment in 19CR390—and the district court ran the sentences consecutive for a total term of imprisonment of 89 months. Torres timely appealed, and the cases have been consolidated on appeal.

On appeal, Torres claims that his sentences in 19CR269 and 19CR352 are illegal. More specifically, he argues that the district court erred in scoring his prior federal conviction as a person felony in both 19CR352 and 19CR269. Because of the different offense dates, different versions of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2021 Supp. 21-6801 et seq., apply to the sentences in these two cases.

Torres also argues that his KORA convictions were improperly scored as person felonies in 19CR269 and 19CR352 because the underlying federal conviction for which he needed to register should have been classified as a nonperson offense. Torres does not argue that his sentence in 19CR390 is illegal.

At sentencing, Torres did not object to the PSI reports and their summaries and classifications of his prior convictions. In any event, Torres may appeal the legal effect of his prior convictions, i.e., how those convictions should have been classified and counted to determine his criminal history score. See *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015). That said, because Torres did not challenge these alleged criminal history miscalculations, he now bears the burden to prove the errors on appeal. See K.S.A. 2021 Supp. 21-6814(c); *State v. Roberts*, 314 Kan. 316, Syl. ¶ 1, 498 P.3d 725 (2021).

The determination of an offender's criminal history score is governed by the KSGA. The classification of prior offenses for criminal history purposes involves statutory interpretation of the KSGA, which presents a question of law subject to unlimited appellate review. *State v. Terrell*, 315 Kan. 68, 70, 504 P.3d 405 (2022). Similarly, the specific issue Torres presents—whether his prior convictions were properly classified as person felonies—is a question of law subject to unlimited review. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

### DID THE DISTRICT COURT ERR IN SCORING TORRES' FEDERAL CONVICTION AS A PERSON FELONY IN 19CR352?

Torres first argues that his prior federal VICAR conviction was misclassified as a person felony in 19CR352. Generally, a federal conviction is considered an out-of-state conviction for criminal history purposes. K.S.A. 2021 Supp. 21-6811(e)(4). Because of the date of the fleeing and eluding and DUI offenses—June 5, 2019—the parties agree that K.S.A. 2019 Supp. 21-6811(e)(3)(B) applies to the classification of his federal

4

conviction for sentencing in 19CR352. Torres contends that because the elements of his federal conviction do not require any of the circumstances listed under K.S.A. 2019 Supp. 21-6811(e)(3)(B), the offense should have been scored as a nonperson felony. The State maintains that several circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B) apply and that the VICAR offense was properly scored as a person felony.

In 2019, the Kansas Legislature amended the statutory framework for determining whether an out-of-state conviction should be scored as a person or nonperson offense, adding a requirement that the sentencing judge compare several enumerated scenarios— listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) or (ii)—to the elements of the prior out-of-state conviction. As explained by a recent panel of this court:

> "If one of the circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) or (ii) is present on the face of the elements of the out-of-state offense, the sentencing judge must find that the out-of-state conviction is a person offense. If none of those circumstances are present, K.S.A. 2019 Supp. 21-6811(e)(3)(B)(iii) requires a sentencing judge to find that the out-of-state conviction is a nonperson offense." *State v. Baker*, 58 Kan. App. 2d 735, 740, 475 P.3d 24 (2020).

The amendment went into effect on May 23, 2019, about two weeks before Torres committed the crimes in 19CR352. K.S.A. 2019 Supp. 21-6811(e)(3)(B) states in part:

> "(B) In designating a felony crime as person or nonperson, the felony crime shall be classified as follows:
>> (i) An out-of-state conviction or adjudication for the commission of a felony offense, *or an attempt*, conspiracy or criminal solicitation to commit a felony offense, shall be classified as a person felony if one or more of the following circumstances is present as defined by the convicting jurisdiction in the elements of the out-of-state offense:
>> (a) *Death or killing of any human being*;
>> . . . .

5

(ii) An out-of-state conviction or adjudication for the commission of a felony offense, *or an attempt*, conspiracy or criminal solicitation to commit a felony offense, shall be classified as a person felony if the elements of the out-of-state felony offense that resulted in the conviction or adjudication *necessarily prove that a person was present during the commission of the offense*." (Emphases added.)

In short, this framework simply requires a court to compare the scenarios enumerated in the statute to the elements of the prior out-of-state conviction, without making any comparison to the elements of a similar Kansas offense. And if any of the circumstances listed in the statute is present on the face of the elements of the out-of-state offense, the court must classify the conviction as a person offense.

Here, the district court did not state the basis for its finding that Torres' federal conviction was a person felony. But an examination of the elements of Torres' VICAR offense shows the district court correctly scored his prior conviction as a person offense. The federal statute Torres was convicted under, 18 U.S.C. § 1959(a), states in part:

"(a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so, shall be punished—

. . . .

(5) for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both."

The elements of the VICAR offense require the government to show:  "'(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendants committed [or attempted or conspired to commit] a violent crime; and (4) that they acted for the purpose of promoting their position in [or gaining entrance to] the racketeering enterprise.'" *United States v. Rodriguez*, 971 F.3d 1005, 1009 (9th Cir. 2020); see 18 U.S.C. § 1959(a).

The elements of the federal conviction contain at least one of the circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)—the death or killing of a human being. See K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(a). Torres tries to distinguish this circumstance because his federal conviction was for attempted murder and, thus, did not require the death or killing of another human being, but K.S.A. 2019 Supp. 21-6811(e)(3)(B) forestalls his argument. Before listing the eight circumstances, the statute states:  "An out-of-state conviction or adjudication for the commission of a felony offense, *or an attempt*, conspiracy or criminal solicitation to commit a felony offense, shall be classified as a person felony if one or more of the following circumstances is present . . . ." (Emphasis added.) K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i).

Torres also argues that although attempted murder was the factual basis for his VICAR conviction, it is not an element of the federal statute. We disagree because attempted murder is listed as an element or specified crime under 18 U.S.C. § 1959(a)(5). But even if Torres' argument is correct, committing a crime of violence is an element of the federal statute and committing a crime of violence necessarily proves that a person was present during the commission of the offense. Thus, the VICAR conviction would fit under the amended Kansas statute at K.S.A. 2019 Supp. 21-6811(e)(3)(B)(ii).

Because at least one of the circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) or (ii) is present on the face of the elements of Torres' prior federal conviction, it was properly scored as a person felony in 19CR352.

7

Next, Torres argues that his prior federal conviction was misclassified as a person felony in 19CR269. Because of the offense date for the possession of methamphetamine charge—May 6, 2019—the parties agree that K.S.A. 2018 Supp. 21-6811(e)(3) applies to the classification of his federal conviction for sentencing in 19CR269. Torres asserts that under the 2018 version of the statute, the elements of his federal conviction are not identical to, or narrower than, the comparable Kansas offense.

Before the enactment of the 2019 amendment, K.S.A. 2018 Supp. 21-6811(e)(3) required a sentencing court to determine whether a prior out-of-state conviction was a person or nonperson offense by comparing the out-of-state conviction to a "comparable offense" in effect in Kansas on the date that the current crime was committed. See K.S.A. 2018 Supp. 21-6811(e)(3). If no comparable Kansas crime existed, a sentencing court needed to classify the prior conviction as a nonperson crime. But if there was a comparable Kansas analog and that offense was classified as a person crime, then the out-of-state conviction must be scored as a person crime. K.S.A. 2018 Supp. 21-6811(e)(3).

In *State v. Wetrich*, 307 Kan. 552, 561-62, 412 P.3d 984 (2018), our Supreme Court clarified that when comparing the elements of an out-of-state crime to the elements of a Kansas crime, if the out-of-state crime did not possess elements *identical to or narrower than* the elements of the comparable Kansas offense, the out-of-state conviction must be classified as a nonperson offense. Stated another way, if the elements of the out-of-state crime are broader than the elements of the comparable Kansas crime, the out-of-state conviction must be classified as a nonperson offense.

Both parties agree that the most analogous offense to 18 U.S.C. § 1959(a) in the Kansas Criminal Code is the Kansas Racketeer Influenced and Corrupt Organization Act,

8

K.S.A. 2018 Supp. 21-6327 et seq., specifically K.S.A. 2018 Supp. 21-6329(a)(3), which is classified as a person felony. Thus, this court's analysis starts with a side-by-side comparison of the elements of that offense to the elements of federal VICAR offense:

| K.S.A. 2018 Supp. 21-6329(a)(3) | 18 U.S.C. § 1959(a) |
|---|---|
| "(a) Except as provided in subsection (b), it is unlawful for *any covered person*:<br>. . . .<br>(3) *employed by, or associated with*, any enterprise *to recklessly conduct or participate*, directly or indirectly, in such enterprise *through a pattern of racketeering activity* or the collection of an unlawful debt." (Emphases added.) | "(a) *Whoever*, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or *for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity*, *murders*, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, *or attempts or conspires so to do*, shall be punished—<br><br>. . . .<br>(5) for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both." (Emphases added.) |

A comparison reveals that although certain elements of the federal offense—the requisite specific intent and the more limited type of conduct that is criminalized—are narrower than the Kansas offense, two of its elements are broader: (1) The Kansas offense targets solely "covered person[s]" and (2) the federal offense only requires a singular act, while the Kansas offense requires the State to show "a pattern of racketeering activity." K.S.A. 2018 Supp. 21-6329(a)(3).

Although both the federal and Kansas offenses prohibit involvement with a racketeering organization, the offenses target slightly different conduct. See 18 U.S.C. § 1959; K.S.A. 2018 Supp. 21-6329; K.S.A. 2018 Supp. 21-6328. The primary difference is in the type of criminal acts required to support a conviction under the two statutes.

9

Whereas 18 U.S.C. § 1959, which is titled "Violent crimes in aid of racketeering" focuses its aim on any singular violent act committed to further one's position in a racketeering enterprise, K.S.A. 2018 Supp. 21-6329 targets individuals who commit "a *pattern* of racketeering activity." (Emphasis added.) See K.S.A. 2018 Supp. 21-6328(f)(1) (listing a wide range of criminal offenses constituting "'[r]acketeering activity'"). In short, the federal offense punishes a broader range of conduct because it criminalizes only a single act, rather than requiring a showing that the defendant engaged in a pattern of conduct.

Next, the federal offense is broader because of the class of persons targeted by the statute. Under the Kansas offense, the first element required is that the defendant is a "'[c]overed person'"—defined in relevant part as "a criminal street gang member or criminal street gang associate, as defined in K.S.A. 21-6313 . . . ." K.S.A. 2018 Supp. 21-6328(b)(1); see PIK Crim. 4th 63.181 (2014 Supp.). The federal offense, on the other hand, permits prosecution of "[w]hoever" commits the proscribed conduct "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity[.]" 18 U.S.C. § 1959(a). Because a defendant must be a member or associate of a criminal enterprise as an element of the Kansas offense, the scope of the federal offense is broader and thus fails the comparability test mandated under K.S.A. 2018 Supp. 21-6811(e)(3).

When engaging in a side-by-side elemental comparison of Torres' federal VICAR conviction and its closest Kansas analog, it is clear the federal offense is not identical to, or narrower than, a comparable Kansas offense. Thus, Torres' federal VICAR conviction should have been scored as a nonperson felony in 19CR269, and the district court erred in scoring it as a person felony. See *Wetrich*, 307 Kan. at 564. We will address in the conclusion of this opinion whether this error changes Torres' criminal history score resulting in an illegal sentence in 19CR269.

10

## DID THE DISTRICT COURT ERR IN SCORING TORRES' TWO KORA CONVICTIONS AS PERSON FELONIES IN 19CR269 AND 19CR352?

Finally, Torres argues that his two KORA convictions were improperly classified as person felonies in calculating his criminal history score in both 19CR269 and 19CR352. He claims that his convictions for offender registration violations should have been classified as nonperson offenses, to calculate his criminal history score, because that was how the offense that mandated his registration—the federal VICAR offense—should have been classified when he committed the offenses. The State contends that Torres is arguing for a reversal of his KORA convictions rather than the correction of an illegal sentence. In his reply brief, Torres clarifies that he is not attacking the existence or validity of his KORA convictions, he only contests how the offenses were scored when calculating his criminal history in 19CR269 and 19CR352.

The crime for which Torres needed to register was his VICAR conviction under 18 U.S.C. § 1959(a). The version of KORA in effect when Torres failed to register provided that a registration violation "shall be designated as a person or nonperson crime in accordance with the designation assigned to the underlying crime for which the offender is required to be registered . . . ." K.S.A. 2018 Supp. 22-4903(c)(1).

Torres argues that because his underlying federal VICAR conviction should have been scored as a nonperson felony for criminal history purposes in both 19CR269 and 19CR352, his KORA convictions should have been nonperson crimes because they arose from his failure to register for the federal conviction. So far, we have agreed with Torres that his federal VICAR conviction should have been scored as a nonperson felony for criminal history purposes in 19CR269, but not in 19CR352. But just because the federal VICAR conviction should have been scored as a nonperson felony in 19CR269 for criminal history purposes has nothing to do with how the KORA convictions are scored.

KORA convictions are Kansas convictions, so nothing in K.S.A. 2018 Supp. 21-6811(e) comes into play in deciding how to score them for criminal history purposes. Torres pled guilty to two KORA violations in 19CR390 charged as person felonies and he was convicted of those offenses. The journal entry of judgment in 19CR390 shows each conviction was a person felony, so when the PSI reports were prepared in 19CR269 and 19CR352, these Kansas convictions were scored as person felonies. Whether the KORA violations *should have been charged* as person crimes is not before us in this appeal.

We agree with the State that Torres is essentially attacking the validity of his KORA convictions in 19CR390. Torres is arguing that these convictions should have been nonperson felonies rather than person felonies. But Torres cannot challenge his convictions in 19CR390 in this sentencing appeal where the only issue is how the KORA violations were scored for criminal history purposes in 19CR269 and 19CR352. Torres pled guilty to two KORA violations in 19CR390 charged as person felonies and he was convicted of those offenses. As a result, the district court did not err in scoring Torres' two KORA convictions as person felonies in 19CR269 and 19CR352.

CONCLUSION

The district court committed only one error by scoring Torres' federal VICAR conviction as a person felony in 19CR269. But that error does not change Torres' criminal history score of A in that case because the PSI report shows that Torres still has three person felony convictions:  the fleeing and eluding conviction from 19CR352 and the two KORA convictions from 19CR390. Thus, the district court's error was harmless and does not result in an illegal sentence in 19CR269.

Affirmed.

12