No. 123,778

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW D. HASBROUCK,
*Appellant*.

SYLLABUS BY THE COURT

1.

When the Legislature amends a statute, Kansas courts presume that it intended to change the law that existed prior to the amendment.

2.

With the enactment of K.S.A. 2019 Supp. 21-6811(e)(3)(B), the Legislature replaced all the prior rules concerning how out-of-state criminal felony convictions are to be treated as person or nonperson crimes when a sentencing court is setting the offender's criminal history score.

3.

Under K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i), classification of a person crime is determined by looking at the elements of the out-of-state felony offense. The statute then lists eight "circumstances" that if any are found in the elements of the out-of-state crime, then the crime will be classified as a person crime in Kansas when a court establishes a criminal history score. The eight circumstances are found in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(a)-(h). All eight circumstances depict dangerous situations in which

1

innocent people may be harmed. The statute exempts a charged accomplice or another person with whom the defendant is engaged in the sale of a controlled substance or a noncontrolled substance.

4.

Under K.S.A. 2019 Supp. 21-6811(e)(3)(B)(ii), an out-of-state conviction is a person crime if the elements of that felony necessarily prove that a person was present during the commission of the crime.

5.

Under K.S.A. 2019 Supp. 21-6811(e)(3)(B)(iii), if the elements of the offense do not require proof of any of the circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) or (ii), then it must be classified as a nonperson crime.

6.

Under K.S.A. 2020 Supp. 21-6814, the State bears the burden to prove criminal history at sentencing. The State can satisfy its burden to establish criminal history by preparing for the court and providing to the offender a summary of the offender's criminal history. If the defendant provides written notice of any error in the summary criminal history report and describes the exact nature of that error, then the State must go on to prove the disputed portion of the criminal history. In the event the offender does not provide the required notice of alleged criminal history errors, then the previously established criminal history in the summary satisfies the State's burden, and the burden of proof shifts to the offender to prove the alleged criminal history error by a preponderance of the evidence.

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed March 4, 2022. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

HILL, J.: This appeal raises two questions about an offender's criminal history score: whether an out-of-state conviction is a person crime and whether some misdemeanor convictions should have been included in the criminal history as well. Our research reveals that the Legislature has answered the first question and the Supreme Court has answered the second. These authorities compel us to affirm the sentencing court.

Matthew D. Hasbrouck pleaded guilty to possession of methamphetamine. His crime was committed in August 2019. When he pled, both he and his attorney thought his criminal history score would be E. It turns out they were wrong. When the district court sentenced Hasbrouck, it set his score at A—the highest score possible.

Hasbrouck's record revealed several convictions. He had two felony convictions in Missouri in 2014—one for second-degree robbery and one for first-degree burglary. His record also revealed he had two person misdemeanor convictions for domestic violence and one person misdemeanor conviction for violation of a protective order in Johnson County, Kansas. According to the law, these three were aggregated to equal one person felony conviction. This meant that Hasbrouck had three felony convictions for person crimes in his record which led to a criminal history score of A.

At sentencing Hasbrouck neither objected to his criminal history score nor to the aggregation of his three person misdemeanor convictions that aggregated them into one person felony conviction. With no further argument, the court passed sentence on Hasbrouck and sent him to prison for 40 months.

3

Hasbrouck makes two arguments to us. First, the sentencing court should not have considered the Missouri burglary conviction as a person crime. Second, the court should not have included his Johnson County misdemeanor convictions since the State did not prove that he was represented by counsel in those three cases or that he had waived his right to counsel in those prosecutions. We will take up those issues in that order.

*Judge-made rules have been replaced by statute.*

Under the old rules, sentencing courts had to compare out-of-state crimes with Kansas crimes. Over the years, several cases dealt with the subject and concluded with a succinct test for the court to use. In 2018 the Kansas Supreme Court defined the term "comparable offense" in *State v. Wetrich*, 307 Kan. 552, 561-62, 412 P.3d 984 (2018). The *Wetrich* court said that courts must compare the elements of the out-of-state crime to the elements of the Kansas crime. If the out-of-state crime's elements were not identical to or narrower than the Kansas crime, it had to be classified as a nonperson offense. We must note that comparable Kansas offenses are still used in designating an out-of-state misdemeanor as a person or nonperson crime. See K.S.A. 2019 Supp. 21-6811(e)(3)(A).

Effective May 23, 2019, the Kansas Legislature amended K.S.A. 21-6811 to replace the "comparable offense" test with a simpler test when a court is deciding if an out-of-state felony is a person or nonperson crime. With the enactment of K.S.A. 2019 Supp 21-6811(e)(3)(B), the Legislature replaced all of the prior judge-made rules concerning how out-of-state criminal convictions are to be treated when a sentencing court is setting the offender's criminal history score. The revision removed the term "comparable offense" from the law. Before its enactment, courts looked to see if there was a Kansas crime comparable to the out-of-state crime when deciding whether the out-of-state conviction was a person or nonperson crime.

4

But this amendment has changed those rules. When the Legislature amends a statute, Kansas courts presume that it intended to change the law that existed prior to the amendment. See *State v. Mishmash*, 295 Kan. 1140, 1144, 290 P.3d 243 (2012).

Before 2019, Kansas courts determined whether prior out-of-state convictions were person or nonperson offenses by comparing the out-of-state statutes to the "comparable offense" in effect in Kansas on the date the current crime was committed. If there was a comparable crime, the sentencing court had to classify the prior conviction as a person crime; if not, it was a nonperson crime. K.S.A. 2018 Supp. 21-6811(e)(3); *State v. Baker*, 58 Kan. App. 2d 735, 738-39, 475 P.3d 24 (2020). But all of that changed in 2019.

Now, sentencing courts are no longer to compare out-of-state jurisdiction crimes with Kansas crimes and reach their conclusion by the use of analogy. Instead of comparing crimes, sentencing courts are to simply examine the elements of the out-of-state statutes to see if they are written to help protect innocent people. The statute exempts a charged accomplice or another person with whom the defendant is engaged in the sale of a controlled substance or a noncontrolled substance. If the out-of-state statute contains any of the elements listed as "circumstances" in the Kansas statute, they are person crimes. If they contain no such elements, they are nonperson crimes.

A close examination of the statute illustrates our point.

Our sentencing guidelines are found in Article 68 of the Criminal Code. K.S.A. 2019 Supp. 21-6811 explains how an offender's criminal history classification must be determined when using the presumptive sentencing guidelines grid. This is important because our sentencing grid depends on two components: the severity level of the crime committed and the criminal history of the offender. The more severe crimes lead to longer sentences. Person crimes receive longer sentences than nonperson crimes. The

5

greater criminal history of an offender leads to more severe sentences. Each offender before sentencing will receive a presentence investigation report that reveals that offender's crime and criminal history expressed as a score from E—the lowest—to A—the highest.

When we turn to subsection (e)(1) of the statute, it directs that out-of-state convictions must be used in classifying an offender's criminal history. Then, subsection (e)(2) says that classification of a crime as a felony or misdemeanor is made by the convicting jurisdiction. So, in Hasbrouck's case, since burglary in the first degree is a felony in Missouri, then it will be considered a felony for criminal history scoring in Kansas.

Then, moving on to subsection (e)(3), the law commands that the State of Kansas will classify the out-of-state crime as a person or nonperson crime. In other words, Kansas judges will determine this classification when imposing Kansas sentences.

Next, the statute then explains what the sentencing court is to look for when making this person/nonperson classification. The revised statute describes two ways an out-of-state crime can be classified as a person crime. Those two ways are found in subsection K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) and (e)(3)(B)(ii) of the statute. There is only one way for a crime to be classified as a nonperson crime. That is found in subsection (e)(3)(B)(iii) of the statute. We will look first at the two ways a crime may be found to be a person crime.

Basically, the statute in subsection (e)(3)(B)(i) directs that this classification of a person crime is determined by looking at the elements of the out-of-state offense. The statute then lists eight "circumstances" that if any are found in the elements of the out-of-state crime, then the crime will be classified as a person crime in Kansas when a court establishes a criminal history score. The eight circumstances are found in (e)(3)(B)(i)(a)-

6

(h). All eight circumstances depict dangerous situations in which innocent people may be harmed. Again, we note that the statute exempts a charged accomplice or another person with whom the defendant is engaged in the sale of a controlled substance or a noncontrolled substance.

Then, subsection (e)(3)(B)(ii) directs that an out-of-state conviction is a person crime if the elements of that felony necessarily prove that a person was present during the commission of the crime. So even if the crime does not require proof of any of the eight circumstances listed above, if the elements require the prosecution to prove that another person was present when the crime was committed, then it is classified as a person crime.

Finally, subsection (e)(3)(B)(iii) states that if the elements of the offense do not require proof of any of the circumstances listed in (B)(i) or (ii), then it must be classified as a nonperson crime. In other words, if there are none of the circumstances in the elements of the crime, or if the prosecution does not have to prove that another person was present when the crime was committed, then it is a nonperson crime for criminal history scoring in Kansas.

We set out the specific portions of the statute that are important for this case. We begin first with four of the eight statutory circumstances listed in the law:

> "(B) In designating a felony crime as person or nonperson, the felony crime shall be classified as follows:
>
> (i) An out-of-state conviction or adjudication for the commission of a felony offense . . . shall be classified as a person felony if one or more of the following circumstances is present as defined by the convicting jurisdiction in the elements of the out-of-state offense:
>
> . . . .
>
> (b) threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person;

7

. . . .

(d) the presence of a person, other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance;

. . . .

(g) being armed with, using, displaying or brandishing a firearm or other weapon, excluding crimes of mere unlawful possession; or

(h) entering or remaining within any residence, dwelling or habitation." K.S.A. 2019 Supp. 21-6811(e)(3)(B).

Then, the second way a crime can be considered a person crime is found in the next section. That statute states what must be proved:

"(ii) An out-of-state conviction . . . for the commission of a felony offense . . . shall be classified as a person felony if the elements of the out-of-state felony offense that resulted in the conviction . . . necessarily prove that a person was present during the commission of the offense. For the purposes of this clause, the person present must be someone other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance." K.S.A. 2019 Supp. 21-6811(e)(3)(B)(ii).

Finally, the statute sets out how a crime can be a nonperson crime:

"(iii) An out-of-state conviction or adjudication for the commission of a felony offense, or an attempt, conspiracy or criminal solicitation to commit a felony offense, shall be classified as a nonperson felony if the elements of the offense do not require proof of any of the circumstances in subparagraph (B)(i) or (ii)." K.S.A. 2019 Supp. 21-6811(e)(3)(B)(iii).

With this review of the statute, our task becomes manifest. We must examine the Missouri first-degree burglary statute to see if it has any of the four circumstances

8

mentioned above. If it does, then it is a person crime. If it does not, it is a nonperson crime.

*We examine the out-of-state statute.*

The 2014 Missouri statute for burglary in the first degree states:

> "1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:
> (1)    Is armed with explosives or a deadly weapon or;
> (2)    Causes or threatens immediate physical injury to any person who is not a participant in the crime; or
> (3)    There is present in the structure another person who is not a participant in the crime." Mo. Rev. Stat. § 569.160.

The elements found in sections (2) and (3) of the Missouri statute render this crime a person crime. Section (2) of the Missouri statute states: "Causes or threatens immediate physical injury to any person who is not a participant in the crime," which corresponds with subsection (b) of the Kansas statute that states, "threatening or causing fear of bodily or physical harm . . . ." And section (3) of the Missouri statute that states, "[t]here is present in the structure another person who is not a participant in the crime" tracks almost exactly with subsection (d) of the Kansas statute that states, "the presence of a person, other than the defendant, a charged accomplice or another person [involved in the crime]."

Another panel of this court has reached a similar conclusion. See *Baker*, 58 Kan. App. 2d at 738-39. In *Baker*, the panel held that because the elements of the Missouri

9

resisting arrest statute demonstrated that another person would be present when the crime was committed—the arresting officers—then it must be considered a person crime in Kansas under K.S.A. 2019 Supp. 21-6811 (e)(3)(B)(i)(d). The panel examined the elements of the statute, found that another person had to be involved, and ruled the crime was a person crime and affirmed the sentencing court. 58 Kan. App. 2d at 746.

This is the same process that we have used in our analysis. According to the Kansas law, if one or more of the listed circumstances are present in the elements of the out-of-state crime, then it is a person crime. We found two.

We thus hold that the Missouri conviction for burglary in the first degree in Hasbrouck's criminal history is a person crime and the court did not err when it ruled that it was a person crime. We move now to Hasbrouck's second issue.

*Did the court err by including the aggregated misdemeanor convictions in Hasbrouck's criminal history?*

Hasbrouck argues that the district court erred by including his prior municipal misdemeanor convictions in his criminal history score because the State did not show that Hasbrouck was represented by counsel or waived his right to counsel in those cases. Hasbrouck does not claim that his misdemeanor convictions were uncounseled—just that the State did not meet its burden to prove they were counseled. He asks us to vacate his sentence and remand for resentencing.

We note that Hasbrouck incorrectly states that the misdemeanor convictions used to calculate his criminal history score were from municipal court. He says that the court aggregated three municipal misdemeanor convictions to a person felony. This is incorrect. The three person misdemeanors that were aggregated were all from state court.

10

It is true that the PSI report also shows three scored nonperson misdemeanors. One of these is from state court while the other two are from municipal court. But because Hasbrouck already had three person felonies, the misdemeanor convictions did not contribute to his criminal history score of A. While there are several other municipal convictions listed in the PSI report, they are all unscored.

In opposition, the State argues that we should not reach this issue because Hasbrouck did not object to the inclusion of his misdemeanor convictions in his criminal history score.

Supreme Court precedent controls our resolution of this issue. The Kansas Supreme Court in *State v. Roberts*, 314 Kan. 316, 498 P.3d 725 (2021), a case with nearly identical facts to this case, ruled that K.S.A. 2020 Supp. 21-6814 governs the admission of a defendant's criminal history in court. The *Roberts* court explained that the statute shifts the burden to the defendant to show an error in criminal history when the defendant does not object to any errors:

> "Under this statute, the State bears the burden to prove criminal history at sentencing. The State can satisfy its burden to establish criminal history by preparing for the court and providing to the offender a summary of the offender's criminal history. If the defendant provides written notice of any error in the summary criminal history report and describes the exact nature of that error, then the State must go on to prove the disputed portion of the criminal history. In the event the offender does not provide the required notice of alleged criminal history errors, then the previously established criminal history in the summary satisfies the State's burden, and the burden of proof shifts to the offender to prove the alleged criminal history error by a preponderance of the evidence." 314 Kan. at 322.

11

The *Roberts* court then held:

> "[A] defendant who fails to object under K.S.A. 2020 Supp. 21-6814(c) at sentencing to the constitutional validity of a prior conviction used to enhance a current sentence, based on a claim of the absence of counsel without a valid waiver, has the burden to show the prior conviction is invalid, regardless of whether the defendant's constitutional challenge to the allegedly uncounseled conviction in criminal history is brought on direct appeal or the current sentence or in a proceeding collaterally attacking that sentence." 314 Kan. at 334-35.

The State satisfied its burden of establishing Hasbrouck's criminal history by submitting the PSI report, which summarized his criminal history. At sentencing, Hasbrouck did not object to his criminal history, nor provide any written notice claiming that there was an error in his criminal history summary.

Under *Roberts*, Hasbrouck has the burden to show that his prior misdemeanor convictions were invalid—either uncounseled or without a valid waiver. Hasbrouck has neither pointed to any evidence that his prior misdemeanor convictions were invalid nor even argued that they were invalid. He merely argued that the State failed to meet its burden to show they were counseled. He has no right to relief on this point.

We hold the district court did not err by including the aggregated misdemeanor convictions in Hasbrouck's criminal history score.

Affirmed.

12