NOT DESIGNATED FOR PUBLICATION

No. 123,382

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALLEN LEE BUSCH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed July 22, 2022.
Affirmed and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., HILL and ISHERWOOD, JJ.


PER CURIAM: Allen Lee Busch pleaded guilty to one count of possession of methamphetamine in December 2019. At sentencing, Busch agreed with the district court's finding that he had a criminal history score of A. The district court sentenced Busch to probation, but probation did not go well so the State moved to revoke it. The district court revoked Busch's probation and ordered him to serve his underlying 40-month prison sentence. Busch makes three arguments to us on appeal: (1) He is serving an illegal sentence because the State failed to prove that his prior out-of-state convictions were scored properly; (2) the district court abused its discretion when it revoked his probation and imposed the underlying sentence based on "technical violations"; and (3)

1

remand is warranted to enable the district court to issue a nunc pro tunc order to correct a clerical error in the journal entry of sentencing. A careful review of the record before us reveals that affirming the district court's decision is the most appropriate outcome in this matter. That is, the State satisfied its burden to prove Busch's criminal history score and the district court's decision to order Busch to serve his underlying sentence was reasonable. Finally, we agree that the district court's journal entry from the probation violation hearing contains a clerical error which must be corrected.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2019, a Liberal police officer found illicit drugs during a valid search of Allen Busch's backpack. Soon thereafter, the State charged Busch with one count each of possession of methamphetamine, possession of oxycodone, and possession of drug paraphernalia. Busch later agreed to plead no contest to the possession of methamphetamine charge and the State agreed to dismiss the remaining charges. Busch entered his plea in December 2019.

Between the plea hearing and sentencing, the State prepared a presentence investigation (PSI) report. The criminal history section of the report outlined five person felony convictions from New Jersey:  three for burglary under N.J. Stat. Ann. § 2C:18-2 (West 1981) in 1985, one for criminal trespass under N.J. Stat. Ann. § 2C:18-3a (West 1981) in 1989, and one for third-degree burglary under N.J. Stat. Ann. § 2C:18-2 (West 1995) in 1995. In the "Description" box for each conviction, the PSI author noted "(Residential)" after the type of crime. The report further reflected that Busch's criminal history also contained 1 additional person felony, 14 nonperson felonies, 2 person misdemeanors, and 5 nonperson misdemeanors. As a result of this collective history, Busch fell within the category A criminal history score classification. Thus, under the sentencing guidelines, he was presumptively prison bound for between 37 and 42 months.

At Busch's sentencing hearing, the State recommended the district court follow the parties' agreement and depart to a term of probation in lieu of prison. In support thereof, the State noted that Busch received drug treatment, was employed at a wastewater treatment plant, attended therapy, and was on medication to treat his bipolar disorder. The district court then shared the following exchange with Busch:

"THE COURT:  Mr. Busch, do you have anything you'd like to say before I sentence you?"

"BUSCH:  No, sir."

"THE COURT:  And do you agree with your criminal history as category A?"

"[BUSCH'S COUNSEL]:  Yes."

The district court accepted the plea and the parties' recommendation to grant 18 months' probation with an underlying prison term of 40 months.

Roughly four months later, the State filed a motion alleging Busch violated two specific probation terms, on multiple occasions he neglected his obligation to report to his probation officer as directed, and he failed to refrain from the use of alcohol and illicit drugs. The district court conducted a hearing on the State's motion and asked Busch to describe his probation violations. Busch responded, "I didn't call in and I was at a liquor store." He asserted that he only entered the liquor store to purchase cigarettes but agreed that his mere presence in the establishment ran afoul of his probation terms. Busch then explained that his failures to report largely stemmed from his mother's recent hospitalization along with the coronavirus pandemic. The State, in support of its position that the court should order Busch to serve his underlying sentence, noted that the original sentence of probation was the product of a dispositional departure. Busch acknowledged he violated the terms of his probation but implored the court to afford him another

3

opportunity so he could care for his sick mother. Unpersuaded, the district court found that Busch received the privilege of probation through a departure but failed to take his obligations seriously. Thus, given the occurrence of violations which the court deemed "significant," it determined that imposition of the underlying sentence was appropriate.

Following the hearing, the State prepared a journal entry which stated that the court revoked probation because Busch absconded. It also failed to note that Busch's original sentence resulted from a dispositional departure. Both parties signed the document, however, and it was approved by the district court.

Busch timely appeals.

ANALYSIS

THE STATE SATISFIED ITS BURDEN TO PROVE BUSCH'S CRIMINAL HISTORY SCORE.

Busch first argues the State failed to meet its burden of proving that his prior New Jersey convictions were person felonies. He cites the corresponding sections of New Jersey's criminal code and claims the possibility exists that those convictions are not person felonies under the test set forth in K.S.A. 2019 Supp. 21-6811(e)(3)(B). The State responds that it satisfied its burden to prove Busch's criminal history score.

This court reviews a district court's decision that the State met its burden to prove the classification of prior convictions for substantial competent evidence. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). When a reviewing court must interpret K.S.A. 2019 Supp. 21-6814, which governs the burden of proof for criminal history scores, its review is unlimited. *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019).

Busch claims he is serving an illegal sentence under K.S.A. 2021 Supp. 22-3504(a) and we have leave to correct it at any time. He directs us to *Obregon* as support for his contention because in that case the State failed to successfully prove that Obregon's prior Florida convictions were person felonies for criminal history purposes under the relevant statutory test. But *Obregon* is arguably distinguishable from Busch's case because Obregon did not avow for his criminal history score on the record as counsel did for Busch did here. See 309 Kan. at 1275-76.

However, we acknowledge that the authority to admit prior criminal history belongs to the offender, not defense counsel. *State v. Vandervort*, 276 Kan. 164, 175-76, 72 P.3d 925 (2003), *overruled on other grounds State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015). Thus, we must assess the merits of Busch's illegal sentence claim. He contends that the preparer of his PSI report may have improperly classified his New Jersey convictions as person felonies under the out-of-state conviction classification test set forth in K.S.A. 2019 Supp. 21-6811(e)(3)(B). The State accurately observes that the PSI report contains a notation specifically designating Busch's out-of-state criminal trespass and burglary convictions as "residential," which properly convert to person felonies under the statutory test.

The classification of prior offenses for criminal history purposes involves statutory interpretation, which presents a question of law subject to unlimited appellate review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). Effective May 2019, the Kansas Legislature amended K.S.A. 21-6811 to replace the old "comparable offense" test with one of a simpler variety to determine whether an out-of-state felony constitutes a person or nonperson crime. *State v. Hasbrouck*, 62 Kan. App. 2d 50, 52-53, 506 P.3d 924 (2022). Under the old test, Kansas courts determined whether prior out-of-state convictions were person or nonperson offenses by juxtaposing the out-of-state statutes with the "comparable" Kansas offense. If a comparable crime existed in Kansas, the out-of-state conviction was classified as a person crime; if not, it fell under the umbrella of a

nonperson crime. K.S.A. 2018 Supp. 21-6811(e)(3); *State v. Baker*, 58 Kan. App. 2d 735, 738-39, 475 P.3d 24 (2020). Given that Busch committed his current crime of conviction in August 2019, this new test controls. Thus, we are tasked with examining the elements of the out-of-state statutes to see if they "are written to help protect innocent people." *Hasbrouck*, 62 Kan. App. 2d at 53. To that end, if the out-of-state statutes include any of the elements listed as "circumstances" in the Kansas statute, they are person crimes; if they contain no such elements, they are nonperson crimes. K.S.A. 2019 Supp. 21-6811(e)(3)(B).

Busch's PSI report lists three New Jersey burglaries from 1985, 1989, and 1995. In those years, New Jersey's statute outlawing burglary—N.J. Stat. Ann. § 2C:18-2—defines the offense as follows:

> "a . . . A person is guilty of burglary if, *with purpose to commit an offense therein* he:
> (1) *enters a structure*, or a separately secured or occupied portion thereof, unless the structure was at the time open to the public or the actor is licensed or privileged to enter; or
> (2) *Surreptitiously remains in a structure* or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so." (Emphasis added.)

So, under this provision, a person convicted of burglary must enter or surreptitiously remain in a *structure* with the purpose to commit an offense there. New Jersey defined "structure" as "any building, room, ship, vessel, car, vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." N.J. Stat. Ann. § 2C:18-1 (West 1980). Under K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(h), though, an out-of-state conviction may be classified as a person felony if the out-of-state conviction requires "entering or remaining within any *residence*, *dwelling* or *habitation*." (Emphasis added.) In short, then, Kansas recognizes burglaries of residences as person felonies. On

the face of the New Jersey burglary statute, Busch was convicted of an offense that encompasses both residential and nonresidential structures. He thus argues that resentencing is necessary because the New Jersey provision is broader than Kansas' statutory circumstances. The State counters that Busch's New Jersey burglary conviction matches the corresponding statutory circumstance because the PSI preparer clarified that the New Jersey offense involved a residential situation.

K.S.A. 2019 Supp. 21-6814 addresses the legal bearing that PSI reports have on sentencing proceedings. See *State v. Schow*, 287 Kan. 529, 537, 197 P.3d 825 (2008). Under that statute, "the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history" unless the defendant objects in writing." K.S.A. 2019 Supp. 6814(b). So, although the New Jersey statute at issue encompasses conduct broader than the person crime circumstance listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(h), the description of the offense on the PSI clarifies that Busch's conviction involved a residential burglary. K.S.A. 2019 Supp. 21-6814(b) does not distinguish between the "statute" and "description" columns on the criminal history worksheet; it covers the entire report. Again, Busch did not file a written objection to this description of his prior offense, so the State's description of the New Jersey burglary offense as a residential crime—which matches the corresponding person crime circumstance—satisfied its burden of proof.

The same analysis applies to Busch's criminal trespass conviction. Under the 1989 version of N.J. Stat. Ann. § 2C:18-3a, a person commits criminal trespass if:

> "(a) . . . *knowing that he is not licensed or privileged to do so*, he *enters* or *surreptitiously remains* in *any structure*, or separately secured or occupied portion thereof. An offense under this subsection is a crime of the fourth degree if it is committed in a dwelling. Otherwise it is a disorderly persons offense." (Emphasis added.)

7

The offense arguably includes three components: (1) knowledge of a lack of privilege; (2) entrance of or surreptitiously remaining within; (3) the interior of any structure. Accordingly, like the burglary statute, the criminal trespass provision largely corresponds with the circumstance listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(h). But the preparer of the PSI again listed "(Residential)" in the description of this offense which, again, was sufficient to satisfy the State's burden to prove Busch's conviction constituted a person crime under the new statutory test and K.S.A. 2019 Supp. 21-6814(b). Busch's contention of error under this claim fails.

### THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION WHEN IT IMPOSED BUSCH'S UNDERLYING PRISON SENTENCE FOLLOWING REVOCATION OF HIS PROBATION.

Busch's next claim of error consists of the assertion that the district court abused its discretion when it ordered him to serve his underlying 40-month prison sentence rather than reinstate probation because prison is "ineffectual when it comes to people struggling with substance abuse." He cites a medical journal and testimony before the Kansas Legislature in an effort to persuade us that the district court's order was misguided. The State dismisses Busch's arguments as "social commentary" and asks that we affirm the disposition.

When a defendant challenges the propriety of the consequences imposed by the district court following the revocation of probation, we review that decision for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion when: (1) no reasonable person would adopt the view taken by the court; (2) the court bases its decision on an error of law; or (3) the court bases its decision on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Busch's claim ostensibly falls under the first type of discretional abuse and in that sense, it resembles *State v. Dunham*, 58 Kan. App. 2d 519, 529, 472 P.3d 604 (2020),

8

where Dunham also alleged that "his need for drug treatment made the decision to impose a prison sentence unreasonable." Also, like Busch, Dunham relied on law review articles, as opposed to caselaw, to advance his claim that probation was more advantageous than prison for individuals recovering from addiction. The *Dunham* court acknowledged that while such policy arguments might be meritorious, it could not be said that the district court's decision was so unfounded that no reasonable person would support it. 58 Kan. App. 2d at 529. Rather, the district court found that Dunham failed to capitalize upon the opportunities afforded through probation and instead engaged in detrimental activities—a permissible reason to order him to serve his underlying sentence.

So too here, Busch's policy arguments might be persuasive to the Legislature but are unfit to reverse the district court's decision. He failed to report to his probation officer as directed on several occasions and was seen in a prohibited environment shortly after the court granted his request for a departure to probation. The district court highlighted each of these incidents as proof that Busch "did not take his obligations seriously." We decline to label that conclusion as unreasonable and an abuse of the discretion. See *Dunham*, 58 Kan. App. 2d at 530 ("At some point, a court must determine whether a person is amenable to treatment and probation. Whether that occurs after the first, third, or fifth violation, that discretion rests with the district court judge."). The district court's revocation decision is affirmed.

THE JOURNAL ENTRY MEMORIALIZING BUSCH'S PROBATION VIOLATION HEARING CONTAINS AN ERROR THAT MUST BE CORRECTED.

Busch requests that we remand his case to the district court with instructions to issue a nunc pro tunc order to correct the journal entry of the probation violation hearing, which inaccurately lists absconding as the district court's reason for revoking Busch's

probation. The State agrees that an error exists and that a nunc pro tunc order is the appropriate remedial vehicle.

Under K.S.A. 2021 Supp. 22-3504(b), courts may correct clerical mistakes in the record "arising from oversight or omission" at any time. When a mistake appears on a journal entry, a nunc pro tunc order is the proper remedy. *State v. Potts*, 304 Kan. 687, 708, 374 P.3d 639 (2016).

Neither the State nor the district court cited absconding as a reason for Busch's probation revocation. Instead, the State argued Busch's failure to report and presence at a liquor store were sufficient reasons to revoke. At the hearing, Busch admitted to the violations, and the district court orally cited them as its reasons to revoke his probation. The district court must make a particularized finding to sustain a revocation based on an occurrence of absconding. *State v. Dooley*, 308 Kan. 641, 655, 423 P.3d 469 (2018). The district court did not do so here. Instead, it acted in response to the State's reminder that Busch originally received a downward departure to probation. See K.S.A. 2019 Supp. 22-3716(c)(7)(B) (a court may revoke a defendant's probation without intermediate sanctions if the probation was granted as the result of a dispositional departure). To that end, the journal entry should reflect that the court revoked Busch's probation because he violated its terms and conditions, not because he absconded. It should also note that he originally received probation as the product of a dispositional departure.

Affirmed and remanded with directions to correct the journal entry from Busch's probation violation hearing.