NOT DESIGNATED FOR PUBLICATION

No. 124,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYAN CURTIS DANIELS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 6, 2023. Affirmed.

*Hope Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Bryan Curtis Daniels Jr. appeals his sentence after the district court found that his criminal history score was C, based in part on a prior conviction for burglary in Georgia. Because Daniels stipulated to his criminal history score at sentencing and because prior out-of-state convictions which have an element that involves entering a dwelling—which the Georgia burglary statute contains—are scored as person felonies in Kansas, we affirm the district court.

1

Daniels pleaded guilty to two felonies and a misdemeanor. At sentencing, the State presented a presentence investigation (PSI) report which showed that Daniels had a burglary conviction in Georgia in 2003, which the PSI report classified as a person felony. Daniels also had a nonperson felony conviction for attempted possession of stolen property in New York in 2008. Daniels did not object to the PSI report.

Given his prior person felony conviction, the district court determined that Daniels had a criminal history score of C and granted him probation with a total underlying term of imprisonment of 45 months.

Daniels timely appeals his sentence.

## ANALYSIS

The only issue Daniels raises on appeal is whether the district court erred in classifying his prior Georgia burglary conviction as a person offense.

*Our standard of review is unlimited.*

The classification of prior offenses for criminal history purposes involves statutory interpretation—a question of law—which is subject to unlimited review. *State v. Terrell*, 315 Kan. 68, 70, 504 P.3d 405 (2022).

Appellate courts exercise unlimited review when determining whether a sentence is illegal under K.S.A. 22-3504. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

*Daniels is bound by his stipulation to his criminal history score.*

Daniels argues, for the first time on appeal, that the district court erred in classifying his prior Georgia burglary conviction as a person felony, which led to an incorrect criminal history score, which led to the district court imposing a longer sentence than it should have.

An illegal sentence is a sentence "that does not conform to the applicable statutory provision, either in character or punishment." K.S.A. 2021 Supp. 22-3504(c)(1). The legality of Daniels' sentence is controlled by the law in effect when the court pronounced his sentence. See *State v. Clark*, 313 Kan. 556, 573, 486 P.3d 591 (2021). Here, that was August 2021. But punishment for a crime, as it relates to classification of prior convictions, is set when the current crime of conviction was committed. *State v. Keel*, 302 Kan. 560, 589-90, 357 P.3d 251 (2015). Daniels committed his current crimes of conviction in February 2021. For purposes of the issues raised, the law in effect in February 2021 and August 2021 were the same. At the time of his sentencing, Daniels had to either admit his criminal history in open court or the sentencing judge needed to determine his criminal history by a preponderance of the evidence. See K.S.A. 2021 Supp. 21-6814(a). When a defendant admits to his criminal history, the State is "relieved . . . of having to present anything more to support the criminal history score." *State v. Corby*, 314 Kan. 794, 797, 502 P.3d 111 (2022). Criminal history includes both a conviction's existence and its classification. 314 Kan. at 798.

While it is true that a defendant cannot agree upon or stipulate to an illegal sentence, Daniels bears the burden of proving that his criminal history score is incorrect. K.S.A. 2021 Supp. 21-6814(c). Yet he offers no other records beyond the PSI report submitted by the State at his sentencing. So based on *Corby*, Daniels is bound by his stipulation.

To avoid this result, Daniels argues that, as a matter of law, the court cannot classify a conviction under Ga. Code Ann. § 16-7-1 as a person felony in Kansas. He correctly argues that K.S.A. 2021 Supp. 21-6811(e)(3)(B) controls because it deals specifically with the classification of out-of-state convictions as person or nonperson felonies. So we will examine that statute.

In 2019, the Kansas Legislature replaced the old "'comparable offense'" test used to determine whether a prior conviction was a person felony with a simpler test. *State v. Hasbrouck*, 62 Kan. App. 2d 50, 52, 506 P.3d 924 (2022), *rev. denied* 316 Kan. ___ (September 28, 2022). "[S]entencing courts are to simply examine the elements of the out-of-state statutes to see if they are written to help protect innocent people" and if "the out-of-state statute contains any of the elements listed as 'circumstances' in the Kansas statute, they are person crimes." 62 Kan. App. 2d at 53.

Kansas courts will designate Daniels' Georgia burglary conviction as a person felony "if *one or more* of the following circumstances is present." (Emphasis added.) K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i). In the list of "circumstances" is "(h) entering or remaining within any residence, dwelling or habitation." K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i)(h). It is undisputed that the Georgia burglary statute under which Daniels was convicted stated:

> "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the *dwelling house of another* or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof." (Emphasis added.) Ga. Code Ann. § 16-7-1 (2003).

As this court put it in *Hasbrouck*, "[a]ccording to Kansas law, if one or more of the listed circumstances are present in the elements of the out-of-state crime, then it is a

4

person crime." 62 Kan. App. 2d at 57. The dwelling circumstance listed in K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i)(h) is present in Ga. Code Ann. § 16-7-1. So it must be classified as a person felony.

But Daniels argues that K.S.A. 2021 Supp. 21-6811(e)(3)(B)(iii) demands a different result, a result which by his interpretation would render subsection (i) meaningless. It provides, in pertinent part:

> "An out-of-state conviction or adjudication for the commission of a felony offense . . . shall be classified as a nonperson felony if the elements of the offense do not require proof of any of the circumstances in subparagraph (B)(i) or (ii)." K.S.A. 2021 Supp. 21-6811(e)(3)(B)(iii).

Daniels argues that because the statute does not require proof that the person entered a dwelling but could instead require proof that he entered a vehicle, railroad car, or watercraft, it must be classified as a nonperson felony. We do not find this interpretation of K.S.A. 2021 Supp. 21-6811(e)(3)(B)(iii) as it applies to these facts persuasive. As our court pointed out in *Hasbrouck*, once it is established that one of the listed circumstances appears in the out-of-state crime, there is no reason to move on to subsection (iii). 62 Kan. App. 2d at 57. The crime is classified as a person crime. Subsection (iii) is merely stating the obvious, if the circumstances in (i) or (ii) are not present, it is a nonperson felony. It does not, as Daniels' interpretation would suggest, require that we break the statute down further to see if there would factually be a way of violating the statute without engaging in the circumstances listed in (i) and (ii). In amending the statute, the Legislature was clearly intending to avoid such fact-specific determinations and adopt a statute that could be easily applied without an inquiry that could run afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny.

5

Daniels agreed at sentencing that his criminal history was C based in part on the classification of his Georgia burglary conviction. He presented no evidence to the district court related to the specific facts of his case that would require that his prior crime be classified as a nonperson crime. For these reasons, we find the district court did not err when it counted Daniels' prior Georgia burglary conviction as a person felony.

Affirmed.