NOT DESIGNATED FOR PUBLICATION

No. 125,466

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FREDERICK JOHN FOSHAG SR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Crawford County District Court; MARY JENNIFER BRUNETTI, judge. Submitted without oral argument. Opinion filed November 22, 2023. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.


PER CURIAM:  In July 2022, Frederick J. Foshag Sr. pled no contest to several crimes occurring between January 2020 and September 2021. Before sentencing, the district court accepted classification of Foshag's 2001 Colorado conviction for "menacing" as a person felony. On appeal, Foshag argues that under K.S.A. 2019 Supp. 21-6811(e)(3)(B), his 2001 Colorado conviction should have been classified as a nonperson felony when calculating his criminal history score. We disagree. The version of the Colorado statute applicable at the time of Foshag's conviction included an element of "threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person" as described in K.S.A. 2019 Supp. 21-

1

6811(e)(3)(B)(i)(b). Because this characteristic was present in the Colorado statute, we find no error by the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2022, Foshag pled no contest in four cases: residential burglary, a severity level 7, person felony; non-residential burglary, a severity level 7, nonperson felony; and two counts of theft, both severity level 9, nonperson felonies. The acts precipitating these convictions occurred between January 2020 and September 2021. In each case, Foshag's 2001 Colorado conviction for "Menacing with Deadly Weapon" under Colo. Rev. Stat. § 18-3-206(1)(a), (b) (2001), was scored as a person felony. On July 22, 2022, the district court sentenced Foshag to consecutive terms of 27 months in prison for the residential burglary, 29 months for the nonresidential burglary, and 14 months for each theft conviction. Foshag now appeals imposition of his sentences.

DID THE DISTRICT COURT ERR BY SCORING
FOSHAG'S PRIOR COLORADO CONVICTION AS A PERSON FELONY?

On appeal, Foshag argues his Colorado felony for menacing should have been characterized as a nonperson felony in calculating his criminal history score. Although Foshag admits he did not raise this issue before the district court, a defendant may claim for the first time on appeal that his sentence was illegal due to misclassification of a prior conviction as a person or nonperson conviction. *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015); see also *State v. Corby*, 314 Kan. 794, 797, 502 P.3d 111 (2022) (noting the defendant did not raise claim that classification was illegal).

Because classification of a prior out-of-state conviction requires statutory interpretation, this court conducts an unlimited review of the classification of Foshag's Colorado conviction. *State v. Terrell*, 315 Kan. 68, 70, 504 P.3d 405 (2022) ("The

classification of prior offenses for criminal history purposes involves statutory interpretation, which presents a question of law subject to unlimited appellate review.").

*Applicable Legal Principles*

Our discussion of whether Foshag's Colorado conviction was properly classified must begin with the revised Kansas Sentencing Guidelines Act (KSGA), which essentially combines the severity of a defendant's current crime with his or her criminal history to reach a presumptive sentence. K.S.A. 2022 Supp. 21-6803(q). Under the KSGA, a defendant's criminal history score turns on his or her prior convictions, including out-of-state convictions. K.S.A. 2022 Supp. 21-6809; K.S.A. 2022 Supp. 21-6811(e); *State v. Samuels*, 313 Kan. 876, 878, 492 P.3d 404 (2021).

The classification of out-of-state convictions is outlined in the KSGA. Effective May 23, 2019, the Kansas Legislature enacted a test for courts to apply when deciding whether an out-of-state felony is a person or nonperson crime. *Samuels*, 313 Kan. at 878; *State v. Hasbrouck*, 62 Kan. App. 2d 50, 52, 506 P.3d 924 (2022); see also K.S.A. 2019 Supp. 21-6811(e)(3)(B). In doing so, regarding felonies, the Legislature effectively abrogated the previous judicially created "'comparable offense'" rule wherein courts compared out-of-state convictions to analogous Kansas crimes to classify them as person or nonperson convictions for use in calculating a defendant's criminal history score. 62 Kan. App. 2d at 52-53.

Because Foshag committed his current crimes of conviction in 2020 and 2021, the 2019 statutory test applies to classify his Colorado conviction. Under this test, the district court conducts a two-step analysis.

First, the court determines whether the out-of-state conviction was a misdemeanor or a felony based on the law of that state. *State v. Baker*, 58 Kan. App. 2d 735, 738, 475

P.3d 24 (2020). "If a crime is a felony in the convicting jurisdiction, it will be counted as a felony in Kansas." K.S.A. 2022 Supp. 21-6811(e)(2)(A). Second, the court must determine whether the out-of-state conviction is a person or nonperson offense by analyzing a list of circumstances identified by the Legislature.

"(i) An out-of-state conviction . . . of a felony offense . . . shall be classified as a person felony if one or more of the following circumstances is present as defined by the convicting jurisdiction in the elements of the out-of-state offense:

(a) Death or killing of any human being;

(b) threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person;

(c) bodily harm or injury, physical neglect or abuse, restraint, confinement or touching of any person, without regard to degree;

(d) the presence of a person, other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance;

(e) possessing, viewing, depicting, distributing, recording or transmitting an image of any person;

(f) lewd fondling or touching, sexual intercourse or sodomy with or by any person or an unlawful sexual act involving a child under the age of consent;

(g) being armed with, using, displaying or brandishing a firearm or other weapon, excluding crimes of mere unlawful possession; or

(h) entering or remaining within any residence, dwelling or habitation.

"(ii) An out-of-state conviction . . . for the commission of a felony offense . . . shall be classified as a person felony if the elements of the out-of-state felony offense that resulted in the conviction . . . necessarily prove that a person was present during the commission of the offense. . . .

"(iii) An out-of-state conviction or adjudication for the commission of a felony offense . . . shall be classified as a nonperson felony if the elements of the offense do not require proof of any of the circumstances in subparagraph (B)(i) or (iii)." K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)-(iii).

4

In summary, if any one of the circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) or (ii) is present on the face of the out-of-state statute, the out-of-state conviction may be classified as a person offense. If none of those circumstances are present in the out-of-state statute, then K.S.A. 2019 Supp. 21-6811(e)(3)(B)(iii) requires it to be classified as a nonperson offense. See *Baker*, 58 Kan. App. 2d at 740.

Foshag does not dispute that his Colorado conviction for menacing was properly classified as a felony offense but argues only that it was improperly classified as a person offense. To determine whether his Colorado conviction is a person or nonperson crime, we must look to the statute Foshag was convicted of violating. Although it is unclear when Foshag committed the offense which led to his 2001 conviction for menacing in Colorado, the parties reference both the 2000 and 2001 versions of that statute, which are identical. For simplicity, we recite the 2001 version:

> "§ 18-3-206. Menacing
>
> "(1) A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, it is a class 5 felony if committed:
>
> (a) By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon; or
>
> (b) By the person representing verbally or otherwise that he or she is armed with a deadly weapon." Colo. Rev. Stat. § 18-3-206 (2001).

The presentence investigation (PSI) report documents that Foshag was convicted of "18-3-206(1)(a), (b)" which is "Menacing with Deadly Weapon."

The Colorado menacing statute included an element of "threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person" as described in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(b).

5

Foshag argues several reasons his Colorado conviction does not meet any of the circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) or (ii) and should thus be classified as a nonperson felony. First, he asserts that the Colorado menacing statute does not necessarily require proof that a defendant threatened or caused "fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person" as provided in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(b). Relatedly, Foshag argues the Colorado statute did not require bodily harm or injury be inflicted by physical neglect or abuse, restraint, confinement or touching of any person under K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(c).

At the time of Foshag's conviction, a person could be convicted of menacing if they, by threat or physical action, knowingly placed or attempted to place another person in fear of "imminent serious bodily injury." Colo. Rev. Stat. § 18-3-206(1) (2001). Colorado law further provided that:

> "'Serious bodily injury' means bodily injury which, either at the time of the actual injury or at a later time, involves a substantial risk of death, a substantial risk of serious permanent disfigurement, a substantial risk of protracted loss or impairment of the function of any part or organ of the body, or breaks, fractures, or burns of the second or third degree." Colo. Rev. Stat. Ann. § 18-1-901(3)(p) (2001) (identical to the 2000 definition).

Colorado also defined "bodily injury": "'Bodily injury' means physical pain, illness, or any impairment of physical or mental condition." Colo. Rev. Stat. § 18-1-901(3)(c) (2001) (identical to the 2000 definition).

Foshag argues Kansas' definition of bodily harm requires physical touching, but Colorado's does not because it includes impairment of "mental condition" as bodily harm. Thus, he argues, Colorado's bodily injury statute includes a broader definition of harm than Kansas' statute such that the circumstances in K.S.A. 2019 Supp. 21-

6811(e)(3)(B)(i)(b) and (c) are not necessarily required to be convicted of menacing in Colorado.

But the State correctly counters that Foshag's reliance on Kansas law in this way is irrelevant. K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) explains that the enumerated circumstances are analyzed "as defined by the convicting jurisdiction." Reference to an analogous definition in the Kansas statute dealing with misdemeanors is a remnant of the old rule which no longer applies to prior out-of-state felony convictions. See K.S.A. 2019 Supp. 21-6811(e)(3)(A) ("In designating a misdemeanor as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to.").

In Colorado, a person could be convicted of menacing by using "any threat or physical action" to knowingly place or attempt to place another person "in fear of imminent serious bodily injury." Colo. Rev. Stat. § 18-3-206(1) (2001). So, on its face, Colorado's menacing statute requires the circumstance of "threatening or causing fear of bodily or physical harm or violence"—just as described in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(b).

Under the KSGA, if just "one or more" of the circumstances listed in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i) is present in the elements of the out-of-state offense, the out-of-state offense must be classified as a person felony. And because the Colorado statute under which Foshag was convicted includes at least one circumstance enumerated in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i), we are directed by the KSGA to find his prior out-of-state conviction was properly characterized as a person felony.

*Conclusion*

For these reasons, we conclude the district court did not err. The Colorado statute at issue—Colo. Rev. Stat. § 18-3-206 (2001)—requires proof of "any threat or physical action" which is likely to "place another person in fear of imminent serious bodily injury" as contemplated in K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)(b). As a result, the district court properly classified Foshag's Colorado conviction as a person felony.

Affirm.