NOT DESIGNATED FOR PUBLICATION

No. 126,791

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARVIN BRUCE CRANDALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MERLIN G. WHEELER, judge. Submitted without oral argument. Opinion filed August 30, 2024. Sentence vacated and case remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: Marvin Crandall appeals his 41-month prison sentence, claiming the criminal history used to calculate that sentence was incorrect. He argues that the district court erroneously classified a previous misdemeanor conviction from Wisconsin as a person crime, resulting in a longer sentence than the Kansas Sentencing Guidelines permit. The State acknowledges that Crandall's criminal history was inaccurate and agrees that Crandall's sentence should be redetermined using the correct criminal-history score. We thus vacate Crandall's sentence and remand for resentencing.

Crandall was charged with trafficking drugs while in the Harvey County Detention Center in October 2022. He pleaded no contest and was convicted of the offense in March 2023.

The presentence investigation report calculated Crandall's criminal-history score as B, based on two previous person felonies. One of these person felonies was for aggravated battery. The other person felony resulted from the aggregation under K.S.A. 21-6811(a) of three class A or B person misdemeanors, including a 2006 drunk driving conviction from Wisconsin. The report stated that this Wisconsin conviction was comparable to the Kansas crime of aggravated battery while driving under the influence of alcohol or drugs, which is a person crime. See K.S.A. 21-5413(b)(3), (h)(2)(C), (h)(2)(D).

Crandall objected to the report's description of his criminal-history score, arguing that the 2006 Wisconsin conviction should not have been classified as a person misdemeanor because that conviction had no comparable Kansas offense. The district court disagreed. The court classified the Wisconsin conviction as a person misdemeanor and sentenced Crandall to 41 months in prison based on his criminal-history score of B. On appeal, Crandall continues to argue that the 2006 Wisconsin misdemeanor conviction should not have been classified as a person misdemeanor, thereby decreasing his criminal-history score from B and reducing the length of his sentence.

The Guidelines use a combination of a defendant's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for those crimes. See K.S.A. 21-6804 (providing the presumptive sentences for nondrug crimes). A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor convictions, including convictions from other states. See K.S.A. 21-6810(c), (d); K.S.A. 21-6811(e).

In classifying an out-of-state crime for criminal-history purposes, courts first determine whether the out-of-state crime is a felony or misdemeanor. If the crime is a felony in the state of conviction, it is treated as a felony in Kansas. K.S.A. 21-6811(e)(2). Courts next determine whether the out-of-state crime is a person or nonperson offense. This requires an assessment as to whether there are any "comparable offenses" under Kansas law. K.S.A. 21-6811(e)(3)(A). Out-of-state crimes that are comparable to Kansas person crimes are categorized as person offenses. Other crimes, including those that are not comparable to any Kansas crimes, are classified as nonperson offenses. K.S.A. 21-6811(e)(3)(A).

Though the Kansas Legislature has provided a different framework for felony convictions, Kansas courts continue to use the comparability analysis discussed in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), to determine whether an out-of-state misdemeanor should be classified as a person or nonperson offense. See *State v. Hasbrouck*, 62 Kan. App. 2d 50, 52, 506 P.3d 924 (2022), *rev. denied* 316 Kan. 761 (2023). Under the *Wetrich* framework, an out-of-state offense is comparable to a Kansas crime if the elements of the out-of-state crime are "identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. This means that if an element of the out-of-state crime is broader than any element of the Kansas crime, the crimes are not comparable. *State v. Obregon*, 309 Kan. 1267, 1271, 444 P.3d 331 (2019) (citing *Wetrich*, 307 Kan. 552, Syl. ¶ 3).

Crandall argues that his 2006 Wisconsin conviction does not have a comparable offense under Kansas law under the *Wetrich* analysis. He points out that K.S.A. 21-5413(b)(3)(A) and (B), which define the Kansas crimes referenced in the presentence investigation report, are narrower than the Wisconsin statute that led to his conviction. The State concedes this error, as the elements related to harm in the Wisconsin offense are broader than those in the Kansas offense the district court used for comparison.

We agree with the parties' assessment that the district court erred when it classified Crandall's Wisconsin conviction as a person misdemeanor when determining his criminal history. Because this offense was not comparable to a Kansas crime, it should have been classified as a nonperson misdemeanor. This means Crandall did not have three person-misdemeanor convictions to aggregate into a person felony for sentencing purposes, and the district court should not have used a criminal-history score of B to determine Crandall's presumptive sentence under the Guidelines.

Crandall's sentence is vacated, and the case is remanded for resentencing.