NOT DESIGNATED FOR PUBLICATION

No. 127,467

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BERT EVERETT EVANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; TOD MICHAEL DAVIS, judge. Submitted without oral argument. Opinion filed January 31, 2025. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Brandon D. Cameron*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM: Bert Evans challenges the legality of the sentence imposed for his burglary conviction. He argues that the district court erred by misclassifying a previous out-of-state conviction as a person felony when determining his criminal history, resulting in a longer presumptive sentence than Kansas law allowed. After reviewing the parties' arguments and the governing statutes, we affirm the district court's judgment.

Evans pleaded no contest to nonresidential burglary for conduct that occurred in May 2022. After the district court accepted Evans' plea, the State prepared a presentence-investigation report to summarize Evans' previous convictions and calculate his

1

presumptive sentence under the Kansas Sentencing Guidelines. Evans had been convicted of robbery in Nevada in 2001, a crime the report classified as a person felony under Kansas law. Based in part on this classification, the report calculated Evans' criminal-history score as C.

Evans objected to this classification, arguing that the Nevada robbery conviction should be classified as a nonperson felony because the Nevada statute was not comparable to the Kansas robbery statute. The district court rejected this argument and found that Kansas law classified the Nevada robbery conviction as a person felony for criminal-history purposes because the Nevada statute that gave rise to Evans' conviction included an "element of force or fear." See K.S.A. 21-6811(e)(3)(B)(i)(b).

Using a criminal-history score of C, the district court sentenced Evans to 27 months in prison. The court then suspended this sentence and ordered Evans to serve 24 months of probation.

On appeal, Evans challenges the legality of his underlying sentence. He again argues that his 2001 Nevada robbery conviction should have been classified as a nonperson felony, which would have resulted in a shorter underlying sentence. The classification of previous convictions for criminal-history purposes under the Kansas Sentencing Guidelines is a matter of statutory interpretation—a legal issue we review de novo on appeal. *State v. Terrell*, 315 Kan. 68, 70, 504 P.3d 405 (2022).

The Guidelines use a combination of a defendant's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for an offense. See K.S.A. 21-6804 (providing the presumptive sentences for nondrug crimes applicable at the time Evans committed his offense). A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor

convictions, including convictions from other states. See K.S.A. 21-6810(c), (d); K.S.A. 21-6811(e).

Courts seeking to classify out-of-state crimes for criminal-history purposes follow two general steps. We first determine whether the out-of-state crime is a felony or misdemeanor. If the crime is a felony in the state of conviction, it is treated as a felony in Kansas. K.S.A. 21-6811(e)(2). We next determine whether the out-of-state crime is a person or nonperson offense.

Since 2019, Kansas law has classified out-of-state felony convictions as person felonies if any of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i)(a)-(h) are present in the elements of the statutes defining those crimes. There is no requirement that the language in the two statutes be identical, only that the out-of-state elements correspond with the nature of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i). *State v. Hasbrouck*, 62 Kan. App. 2d 50, 56, 506 P.3d 924 (2022), *rev. denied* 316 Kan. 761 (2023); see *State v. Baker*, 58 Kan. App. 2d 735, 745-46, 475 P.3d 24 (2020).

Two of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i) that require an out-of-state felony offense to be classified as a person crime are

- "threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person" (K.S.A. 21-6811[e][3][B][i][b]); and

- "the presence of a person, other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance" (K.S.A. 21-6811[e][3][B][i][d]).

3

The parties agree that the Nevada statute that gave rise to Evans' earlier 2001 robbery conviction prohibited

> "the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery." Nev. Rev. Stat. § 200.380 (1995).

The district court found that this offense—which involves a taking by means of force or violence or fear of injury—should be classified as a person crime because it required a showing of "fear of bodily or physical harm by violence" under K.S.A. 21-6811(e)(3)(B)(i)(b). We agree. But on a more fundamental level, the offense is by its very definition a "person" offense in that it must be committed against another person, in that person's presence and against that person's will. In other words, that offense requires "the presence of a person, other than the defendant." K.S.A. 21-6811(e)(3)(B)(i)(d). In short, the Nevada robbery statute defines a crime that is considered a person offense under Kansas law for sentencing purposes.

Evans argues that there are scenarios in which he could have been convicted of robbery in Nevada without having triggered any of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i). He highlights that he could have been convicted of robbery by placing another in fear of injury to *property*—rather than fear of bodily or physical harm—or by taking property from someone who was involved in a drug transaction. But these arguments are unpersuasive. When determining whether an out-of-state felony conviction should be classified as a person felony, courts focus solely on whether the out-of-state statute contains an element that corresponds with one of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i). We do not ask whether there are hypothetical scenarios in which a person could be convicted under the out-of-state statute without having triggered any of those circumstances.

In 2001, the Nevada robbery statute contained at least one element that corresponded with the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i). Thus, the district court correctly classified Evans' 2001 Nevada robbery conviction as a person felony for purposes of determining his criminal-history score and sentence.

Affirmed.